**+IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **DOUG LITTLEFIELD, ROBERT** | ) | |
| **MOLLEUR, and RODNEY BARRUP,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO.:** |
| **vs.** | ) | |
| | ) | **JURY DEMAND** |
| **CARL BENSON TILLEY, KATHERINE** | ) | |
| **TILLEY, TILLEY FOUNDATION,** | ) | |
| **INC. (a Tennessee corporation), and** | ) | |
| **CT TECHNOLOGY, INC. (a Nevada** | ) | |
| **corporation),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT

Come the Plaintiffs, by and through counsel, and hereby sue the Defendants, and for cause would state and show as follows:

## I

## THE PARTIES

1.      The Plaintiffs are adult citizens and residents of Vermont and were such for all times material hereto. They are each shareholders in Tilley Foundation, Inc.

2.      The Defendant, Carl Benson Tilley, is a citizen and resident of Lebanon, Tennessee, is a director of Tilley Foundation, Inc., and was such for all times material hereto.

3.      The Defendant, Katherine Tilley, is a citizen and resident of Lebanon, Tennessee, and is the wife of the Defendant, Carl Benson Tilley, and is a director of Tilley Foundation, Inc.

4. The Defendant, Tilley Foundation, Inc., is believed to be a Tennessee corporation with its principal place of business at 131 Hiwassee Road, Suite G#136, and whose registered agent is Carl Benson Tilley, at the same address. The Defendant, Tilley Foundation, Inc. and CT Technology, Inc. are "enterprises" within the meaning of 18 U.S.C. § 1961(4) and each engages in activities that affect interstate commerce.

5. The Defendant, CT Technology, Inc. is believed to be a Nevada corporation into which assets of Tilley Foundation, Inc. have been and will continue to be transferred fraudulently from Tilley Foundation, Inc..

## II

## VENUE AND JURISDICTION

6. Venue is proper in this Court in that the Defendants are located in Lebanon, Tennessee, except for Defendant CT Technology, Inc., which is a Nevada corporation, and all acts complained of occurred in the Middle District of Tennessee.

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, since this is an original action, the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Alternatively, this Court has jurisdiction pursuant to 18 U.S.C. §§ 1964-68 and 1864(c). Venue is proper pursuant to 18 U.S.C. § 1965(a).

**THE FACTS**

8.      The Plaintiffs aver that they are each shareholders in Tilley Foundation, Inc. and that they each purchased securities in Tilley Foundation, Inc. from Carl Tilley beginning in 2002 to the present for $1,000 per share.   The Plaintiff, Littlefield, received his securities in exchange for work and other consideration for Tilley Foundation, Inc.  The Plaintiffs aver that these securities were unregistered securities and they were not exempt from registration under Tennessee or federal law.  The Plaintiffs aver that they entered into the agreements to purchase and/or earn the unregistered securities of Tilley Foundation, Inc. based on the false representations of Carl Tilley with respect to the property owned and controlled by Tilley Foundation, Inc.  Defendant Carl Tilley sold these securities to the Plaintiffs for $1,000 each when, in fact, they had no value.

9.      The Plaintiffs aver that they invested their time, energy, and money into the unregistered securities of Defendant Tilley Foundation, Inc. based on the false representations that the corporation and Mr. Tilley owned new patentable technology which allowed cars to run on batteries without being recharged by outside sources, and golf carts, and other electric motor devices to do the same.  In fact, the securities had no value but were used to enrich Defendants, Katherine and Carl Tilley.  Defendant Carl Tilley never obtained a patent for his so-called inventions.

10.     The Plaintiffs aver that, on divers days, beginning in 2002 and continuing to the present, Carl Tilley made false representations as to technology

that he had allegedly invented which permits electric motors to recharge themselves without the aid of outside sources, which were to be revolutionary in the use and operation of electric motors.

11.     The Plaintiffs aver that they relied upon these representations, both orally and in writing, for years, not only in order to purchase the unregistered securities but also in going forward with the business of the Tilley Foundation, Inc.

12.     The Plaintiffs aver that Mr. Tilley's representations were false when they were made over the past four years and they were known by him to be false.

13.     The Plaintiffs aver that they relied upon the false representations of Carl Tilley in investing their money, time, and other efforts in the unregistered securities of Tilley Foundation, Inc. and they have all been damaged as a direct and proximate result.

14.     The Plaintiffs aver that, upon information and belief, Mr. Tilley has taken the money from the sale of the unregistered securities, based on false pretenses and fraudulent misrepresentations, and has enriched himself and his wife to the detriment of all of the shareholders of Tilley Foundation, Inc.   The Defendants have continued their fraud by maintaining lies and concealing their fraud to this day.   The Defendants have concealed their fraud using intricate schemes, promises and lies, and this has prevented the Plaintiffs from discovering the fraud until recently.

15.     The Plaintiffs aver that Defendants Carl and Katherine Tilley have worked in concert and have aided, abetted, and conspired with one another to deprive them and other shareholders of their property based on Mr. Tilley's fraud.

16. The Plaintiffs aver that the Defendants have taken their property and exercised dominion and control over it to their detriment with the intent to deprive them of the use of their property, namely, their labor and money.

17. The Plaintiffs aver that the Defendants, Carl and Kitty Tilley, individually and on behalf of the Defendants Tilley Foundation, Inc. and CT Technology, Inc., have taken the property of the Plaintiffs and used it for their own benefit by purchasing properties with the ill-gotten gains from their fraudulent scheme and device. And the Defendants have dissipated their ill-gotten gains and are continuing to do so. If they are permitted to continue, the Plaintiffs will not have a remedy. The harm to the Plaintiff shareholders is immediate and irreparable.

18. The Plaintiffs aver that the individual Defendants, Carl Tilley and Katherine Tilley, are employed by or associated with the corporate Defendants.

19. The Plaintiffs aver that Tilley Foundation, Inc. and CT Technology, Inc. are "enterprises" within the meaning of 18 U.S.C. § 1961(4) and all of them engage in interstate commerce.

20. The Plaintiffs aver that the individual Defendants conducted or engaged in the activities of those enterprises through a pattern of racketeering activity (as defined in 18 U.S.C. § 1961), in violation of 18 U.S.C. § 1962(c).

21. The Plaintiffs aver that the individual Defendants conspired together to conduct such pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

22.     The Plaintiffs aver that the Defendants utilized the United States mail and wire in connection with the business of offering and selling unregistered securities in the Defendant enterprises in violation of 15 U.S.C. § 77fff and § 77e. The Plaintiffs further aver that the Defendants utilized the United States mail and wire to obtain funds by selling unregistered securities without a prospectus.

23.     The Plaintiffs aver that, in connection with such sales of unregistered securities, and as a material part of a scheme or artifice to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the Defendants sent documents by United States mail and wire in violation of 18 U.S.C. § 1341, 15 U.S.C. §78j(b); 15 U.S.C. § 77q(a)(1)(2) and (b); and 15 U.S.C. § 77e.

24.     The Plaintiffs aver that the unregistered securities were sold by false and fraudulent statements, and/or omissions, concerning the terms, conditions, and consequences of such transactions in violation of 18 U.S.C. § 1341, 15 U.S.C. §78j(b); 15 U.S.C. § 77q(a)(1)(2) and (b); and 15 U.S.C. § 77e.

25.     The Plaintiffs aver that the Defendants used the United States mail and wire to defraud persons in multiple states, including Vermont, Tennessee, Kentucky, and others.

26.     The Plaintiffs aver that, in connection with the sale of the unregistered securities, and as a material part of a scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the Defendants sent documents by United States mail

and made use of the wires in violation of 18 U.S.C. § 1341; 15 U.S.C. § 78j(b); § 77q(a)(1)(2) and (b) and § 77e.

27. The Plaintiffs aver that, as a direct and proximate result of the Defendants' misconduct, the Plaintiffs have suffered injuries in their business and property, including the loss of money in purchasing the unregistered securities which had no value nor real opportunity to obtain value, interest on their money invested for the securities, attorneys fees in connection therewith, and other losses and expenses.

28. The Plaintiffs aver that the Defendants utilized the United States mail and wires in effecting this scheme, and the Defendants could foresee that the United States Postal Service and interstate wires would be used for the purpose of advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. § 1341 and § 1343. In particular, the Defendants could foresee that the United States Postal Service and the interstate wires would be used to receive and/or deliver, *inter alia*, correspondence regarding the sale of the unregistered securities and the basis for the sale of the unregistered securities, and other materials related to the transactions, and they knew that these would be traveling in interstate commerce.

29. The Plaintiffs aver that the Defendants, Carl Tilley and Katherine Tilley, acting singly and in concert, personally or through their agents, as co-conspirators, or as aiders and abettors, and other unnamed co-conspirators, used the United States Postal Service and interstate wires or caused the United States Postal Service or interstate wires to be used for the purpose of "advancing, furthering,

executing, concealing, conducting, participating in, or carrying out" the Defendants' scheme within the meaning of 18 U.S.C. § 1341 and § 1343. These events occurred on divers days from 2002 through the present and in multiple communications and uses of the mails and wires.

30.     The Plaintiffs aver that, pursuant to the Tilleys' scheme, the Defendants devised and intended to devise a scheme or artifice to defraud and obtain money by false pretenses, representations, or promises pursuant to said scheme, transported, caused to be transported, and induced persons to travel and be transported in interstate commerce in the execution or concealment of the scheme or artifice to defraud in violation of 18 U.S.C. §2314. In particular, pursuant to their scheme to fraudulently sell unregistered securities to the Plaintiffs, among other things, transported and caused to be transported in interstate commerce documents and commercial paper which obligated the Plaintiffs to the Defendants for the sale of the unregistered, fraudulent securities.

31.     The Plaintiffs aver that each and every use of the United States Postal Service or interstate wires described above was committed by the Defendants with the specific intent to defraud the Plaintiffs or for obtaining the money or property of the Plaintiffs by means of false or fraudulent pretenses, representations, or promises. These acts of mail and wire fraud in violation of 18 U.S.C. § 1341 and § 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(b).

32.     The Plaintiffs aver that they were the target of the fraudulent scheme described above in that the objective of the scheme was to enable the Defendants to obtain money through false pretenses without consideration.

33.     The Plaintiffs aver that the Defendants' actions constitute a continued enterprise and not isolated incidences.  The Plaintiffs aver that the Defendants' actions were ongoing and there is a real threat of these actions continuing in the future because there are numerous fraudulent uses of the United States Postal Service and wires to conduct the Defendants' scheme and multiple victims, including all of the shareholders of Defendant Tilley Foundation, Inc. and some of the corporation's directors.

34.     The Plaintiffs aver that the Defendants took measures to conceal the fraud through various means, including continuous lies on the part of Defendant Carl Tilley with respect to the technology he had allegedly invented and offers to purchase the technology.  The Plaintiffs aver that, due to the Defendants' concealment, they were unable to discover the Defendants' fraudulent scheme until recently.

### IV

#### COUNT ONE:
#### FRAUD AND DECEIT

35.     The Plaintiffs rely upon the factual averments in Paragraphs 1-34 in support of the following cause of action.

36.     The Plaintiffs aver that the Defendants, Carl Tilley, in concert with the other Defendants, Tilley Foundation, Inc., Katherine Tilley, and CT

9

Technology, Inc., have misrepresented and participated in the defrauding of shareholders by claiming the following:

(1)     That Carl Tilley has invented a process by which electric motors recharge themselves without an outside source and do not require recharging.

(2)     That Tilley Foundation, Inc. and Carl Tilley have been offered billions of dollars on different, divers occasions for the technology.

(3)     That the Defendants have offers for this technology in the billions of dollars.

37.     The Plaintiffs aver that they relied upon these representations over the past four years and, as a result, have sustained significant monetary damages. The Plaintiffs aver that these actions violate 15 U.S.C. § 77e, § 77l, § 78j(b); § 77(q)(a)(1)(2) and (b); and § 77fff.

<u>V</u>

**COUNT TWO:**
**BREACH OF FIDUCIARY DUTY**

38.     The Plaintiffs rely upon the factual averments in paragraphs 1-37 in support of the following cause of action.

39.     The Plaintiffs aver that the Defendants, Carl and Katherine Tilley, have violated their duty of loyalty and good faith to the company, Tilley Foundation, Inc., and to the Plaintiffs as shareholders of Tilley Foundation, Inc., and have caused them damages as a direct and proximate result.  The Plaintiffs further aver that Defendant, Katherine Tilley, is liable for the acts of Defendant, Carl Tilley, because she has conspired with, aided, and abetted her husband.

40. The Plaintiffs aver that Defendants Carl and Katherine Tilley are liable to them pursuant to Tennessee Code Annotated §§ 48-18-301, 302 and 403.

## VI

### COUNT THREE:
### CONVERSION

41. The Plaintiffs rely on the factual averments in paragraphs 1-40 in support of the following cause of action.

42. The Plaintiffs aver that the Defendants, Carl and Katherine Tilley, and Tilley Foundation, Inc. and CT Technology, Inc., have converted the assets, money, labor, and other things of value that were the property of the Plaintiffs to their own benefit, to the exclusion of the Plaintiffs, and have exercised dominion and control over these assets to the detriment of the Plaintiffs as well as Tilley Foundation, Inc. The Plaintiffs have suffered damages as a direct and proximate result.

## VII

### COUNT FOUR:
### ACTION FOR AN ACCOUNTING

43. The Plaintiffs rely upon the factual averments in numbered paragraphs 1-42 in support of the following cause of action.

44. The Plaintiffs aver that they are entitled to an accounting of the books and records of Tilley Foundation, Inc. and CT Technology, Inc. as they are shareholders of the Defendant corporations and are entitled to view the books and records of the corporations pursuant to Tennessee Code Annotated § 48-26-104.

11

**COUNT FIVE:**
**VIOLATIONS OF TENNESSEE SECURITIES ACT OF 1980, TENNESSEE CODE ANNOTATED § 48-2-101 *ET SEQ.***

45.     The Plaintiffs rely upon the factual averments in numbered paragraphs 1-44 in support of the following cause of action.

46.     The Plaintiffs aver that the actions of Carl Tilley and Tilley Foundation, Inc. violate the Tennessee Securities Act of 1980, § 48-2-121, by offering and selling a security in Defendant, Tilley Foundation, Inc., and employing a device, scheme, and artifice to defraud the Plaintiffs of their security in Tilley Foundation, Inc. in violation of Tennessee Code Annotated § 48-2-121(1); by making untrue statements of material fact with respect to the Plaintiffs' interests in the security of Tilley Foundation, Inc., in violation of Tennessee Code Annotated § 48-2-121(2); and by engaging in a practice or course of business which operates as a fraud and deceit upon the Plaintiff in violation of Tennessee Code Annotated § 48-2-121(3) by selling the Plaintiffs' unregistered securities in violation of the Tennessee Securities Act of 1980, §§ 48-2-104 and 109 and §§ 48-2-121 and 123.

47.     The Plaintiffs aver that Defendant, Carl Benson Tilley, was indicted in the Smith County Criminal Court in Indictment Number 04-222, *State of Tennessee v. Carl Benson Tilley*, for selling unregistered securities.  The Plaintiffs further aver that the Defendant, Carl Tilley, entered a guilty plea to selling unregistered securities in violation of Tennessee Code Annotated §§ 48-2-104 and 109 and §§ 48-2-121 and 123 and received a two-year probationary sentence

pursuant to Tennessee Code Annotated § 40-35-313 on the 15th day of September, 2005, in the Smith County Circuit Court in Case Number 04-222.

48.     The Plaintiffs aver that they are entitled to attorneys fees pursuant to Tennessee Code Annotated § 48-2-122.

## IX

### COUNT SIX:
### VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT FOUND AT TENNESSEE CODE ANNOTATED § 47-18-104 *ET SEQ.*

49.     The Plaintiffs rely upon the factual averments in numbered paragraphs 1-48 in support of the following cause of action.

50.     The Plaintiffs aver that the actions of the Defendants are deceptive and unfair trade practices which have a negative effect on commerce in violation of Tennessee Code Annotated § 47-18-104(a) and §§ 12 and 27.

51.     The Plaintiffs aver that the security in Defendant Tilley Foundation, Inc. is a "good" within the meaning of Tennessee Code Annotated § 47-18-103(5).

52.     The Plaintiffs aver that the Defendants' actions in violation of Tennessee Code Annotated §§ 47-18-104(a), (12), and (27) have been made intentionally, willfully, and knowingly within the meaning of Tennessee Code Annotated § 47-18-103(6).

## X

### COUNT SEVEN:
### RACKETEER INFLUENCED AND CORRUPT PRACTICES ORGANIZATIONS ACT IN VIOLATION OF 18 U.S.C. § 1962(C)

53.     The Plaintiffs re-allege and restate paragraphs 1-52 in support of the following cause of action.

13

54.     The Plaintiffs aver that, at all relevant times, the Defendants constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962(c) in that they were corporations.

55.     The Plaintiffs aver that Defendants Carl Tilley and Katherine Tilley were individual "persons" within the meaning of 18 U.S.C. § 1961(3) and § 1962(c) who associated with and/or participated in the conduct of said enterprise's affairs.

56.     The Plaintiffs aver that the Defendants, Carl and Katherine Tilley, conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), § 1961(5), and § 1962(c). The pattern of racketeering activity consists of mail and wire fraud (as described with particularity in numbered paragraphs 1-34, *supra*) and interstate transportation of stolen property (as described in paragraph 30, *supra*). These acts all occurred after the effective date of the RICO Act, and more than two (2) such acts occurred within ten (10) years of one another.

57.     The Plaintiffs aver that, in the alternative, at all relevant times, some or all of the following constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962(c) in that they were "a group of individuals associated in fact." Defendants Carl Tilley and Katherine Tilley were an enterprise within the meaning of 18 U.S.C. § 1961.

58.     The Plaintiffs aver that, at all relevant times, the enterprises were engaged in, and their activities affected, interstate commerce.

14

59.     The Plaintiffs aver that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c) in that their common purpose was to defraud the Plaintiffs, their common result was to defraud the Plaintiffs of money, personally or through their agent or agents, directly or indirectly, participated in all of the acts of racketeering; and/or the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events.

60.     The Plaintiffs aver that all of the predicate acts described herein were continuous so as to form a pattern of racketeering activity in that the Defendants engaged in the predicate acts over a substantial period of time or in that such predicate acts had become the Defendants' regular way of conducting business and said business practices have continued to the present.

61.     The Plaintiffs aver that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiffs have been injured in their business and property, within the meaning of 18 U.S.C. § 1964(c).  Among other things, the Plaintiffs have suffered damages in the amount of money they paid for the unregistered, fraudulent securities of Defendant Tilley Foundation, Inc.  The Plaintiffs are, therefore, entitled to recover, threefold, the damages they have sustained, together with the costs of this lawsuit, including costs, reasonable attorneys fees, and reasonable experts fees.

**COUNT EIGHT:**
**RACKETEER INFLUENCED AND CORRUPT PRACTICES**
**ORGANIZATIONS ACT - IN VIOLATION OF 18 U.S.C. § 1962(D)**
**(CONSPIRACY)**

62.     The Plaintiffs re-allege and restate paragraphs 1-61 in support of the following cause of action.

63.     The Plaintiffs aver that Defendants Carl Tilley and Katherine Tilley conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  In particular, the Defendants intended to further an endeavor, which, if completed, and as completed, would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.

64.     The Plaintiffs were injured by the Defendants, Carl and Katherine Tilley, and the other Defendants' overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud (as described with particularity in paragraphs 1-34, *supra*), and interstate transportation of stolen property (as described with particularity in paragraph 33 *supra*).

65.     The Plaintiffs aver that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(d), the Plaintiffs have been injured in their business and property, within the meaning of 18 U.S.C. § 1964(c).  Among other things, the Plaintiffs have suffered damages to the extent they purchased the unregistered, valueless

securities, and spent their time and energy in pursuing the objectives of the enterprises. The Plaintiffs aver that they are, therefore, entitled to recover, threefold, the damages they have sustained, together with the cost of this lawsuit, including costs, reasonable attorneys fees, and reasonable experts fees.

## XII

### COUNT NINE:
### ACTION FOR JUDICIAL DISSOLUTION PURSUANT TO TENN. CODE ANN. § 48-24-301 *ET SEQ.*

66. The Plaintiffs rely upon the factual averments in numbered paragraphs 1-65 in support of the following cause of action.

67. The Plaintiffs aver that the directors and those in control of the corporation, Tilley Foundation, Inc., have acted, are acting, and continue to act in a manner that is illegal, oppressive and fraudulent, therefore establishing grounds for judicial dissolution pursuant to Tenn. Code Ann. § 48-24-301(2)(B).

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiffs be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $75,000;

3. That the Plaintiffs be awarded punitive damages against the Defendants in an amount to be determined by the Court for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

4.      That, in the alternative, Tilley Foundation, Inc. be dissolved and liquidated by this Court and the assets of Tilley Foundation, Inc. be liquidated and dispersed to its shareholders;

5.      That the Plaintiffs be awarded their reasonable attorneys fees pursuant to Tennessee Code Annotated § 47-18-109;

6.      That a temporary, mandatory, and permanent injunction be entered against the Defendants, restraining them from dissipating or wasting any assets obtained by them unlawfully and for the sale of unregistered securities, and requiring them to immediately produce all books, property and financial records of Tilley Foundation and CT Technology, Inc.;

7.      That the Plaintiffs be awarded treble damages against the Defendants for the willful, intentional, and knowing violations of Tennessee Code Annotated §§ 47-18-104(a), 12, and 27;

8.      That a receiver be appointed to marshal the assets of Tilley Foundation, Inc., CT Technology, Inc., and the other ill-gotten assets of the Defendants pursuant to Federal Rules of Civil Procedure Rule 66 and Tennessee Code Annotated § 48-24-303;

9.      That a jury be impaneled to hear this action; and

10.     That the Plaintiffs be awarded damages against the Defendants in an amount such as the Court shall deem appropriate and at treble the amount of said damages pursuant to 18 U.S.C. § 1964(c);

11.     That the damages be trebled pursuant to 18 U.S.C. § 1984(c);

12. That the Plaintiffs be awarded all costs of litigation incurred, including reasonable attorneys fees, costs, disbursements, and expenses, pursuant to 18 U.S.C. § 1964(c); and

13. That the Plaintiffs be awarded such other, further relief to which they may be entitled.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS MATTER.**

## AFFIDAVIT OF ROBERT MOLLEUR

**HAVING BEEN DULY SWORN, I HEREBY DEPOSE AND STATE AS FOLLOWS:**

1. That I am Robert Molleur and I am a shareholder of the Defendant corporation in this matter.

2. That I am over the age of eighteen (18) and I am competent to testify based on my own information, knowledge, and belief.

3. That my testimony is true.

4. That the foregoing facts in this verified complaint are true to the best of my knowledge, information, and belief.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Robert Molleur

**STATE OF VERMONT**                    )
                                        )
**COUNTY OF CALEDONIA**                 )


Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Robert Molleur, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who acknowledged that he executed the within instrument for the purposes therein contained.

**SWORN** to and subscribed before me this _____ day of July, 2006.

_____
Notary Public

My Commission Expires:_____

Respectfully submitted,

_____
**Kline Preston Law Group, P.C.**
**G. Kline Preston, IV  #17141**
**4525 Harding Road, Suite 200**
**Nashville, TN 37205**
**(615) 620-4322**
**Attorney for Plaintiffs**