IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| DOUG LITTLEFIELD, ROBERT MOLLEUR, And RODNEY BARRUP, Plaintiffs, v. CARL BENSON TILLEY, KATHERINE TILLEY, TILLEY FOUNDATION INC. (a Tennessee corporation), and CT TECHNOLOGY, INC. (a Nevada corporation), Defendants. | Case No. 2: 06-0061  JURY DEMAND (12) |

_____

**MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF
DEFENDANTS TILLEY AND TILLEY FOUNDATION, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND
MOTION TO COMPEL JOINDER OF NECESSARY PARTIES**
_____

**Summary**

Plaintiffs' RICO claims are barred by 18 U.S.C. § 1964(c). Plaintiffs' claim for violations of the Tennessee Consumer Protection Act are barred as a matter of law because the Act does not apply to securities sales. See, e.g., Hardy v. First Amer. Nat. Bank, 774 F. Supp. 1078, 1084 (M.D. Tenn. 1991). Also, Plaintiffs' claims for alleged fraud, conversion, securities fraud and breach of corporate fiduciary duties are barred by their respective statutes of limitations. Plaintiffs learned as of May 2003 that the Defendants had been sued for fraud; that television reports claimed fraud; and that the Tennessee Bureau of Investigation had executed a search warrant, seizing all corporate records and technology. Suit was not filed until July 2006, outside the 3 year statute of limitations for fraud, conversion and breach of corporate duty, and outside the 2 year statute of limitations for securities fraud.

Jurisdiction is also lacking because Plaintiffs have failed to join two sets of necessary parties as Plaintiffs – the shareholders of the Tilley Foundation, Inc., and the corporation itself, who the Plaintiffs have alleged has been defrauded by the alleged actions of Mr. and Mrs. Tilley. Many of the shareholders are Tennessee residents, and the Tilley Foundation, Inc., is a Tennessee corporation. Their joinder as plaintiffs would destroy the complete diversity required by Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806), and thus the Plaintiffs' Verified Complaint should be dismissed for lack of jurisdiction.

## Statement of Relevant Facts

Mr. and Mrs. Carl Tilley are senior citizens who live in rural Smith County at 131 Hiwassee Road, Lebanon Tennessee. Carl Tilley Aff ¶ 2; Katherine Tilley Aff ¶ 2. Mr. Tilley has invented technology that produces superior results and performance in electric motors. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3. This technology has been the subject of controversy since its existence became known. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3.

The technology has been tested and proven a number of times in private testing. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3. The technology has been offered for sale for years but due to various lawsuits and investigations has not been sold yet. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3.

The technology has been protected by "trade secret" methods (i.e., kept under wraps) and not by a patent. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3. This decision was made early on by Mr. Tilley due to the difficulty of defending patent lawsuits and was agreed to by the Board of the Tilley Foundation, Inc. Carl Tilley Aff ¶ 3; Katherine

Tilley Aff ¶ 3.  The Plaintiffs knew or should have known since at least May 2003 that no patent was contemplated or desired by Mr. Tilley.  Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3.

Earlier allegations of fraud.

In late 2002, fraud allegations were raised against the Defendants.  Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.  Two (2) former associates – Robert Kibbey and Walter Webb – filed suit in state court claiming that Mr. Tilley's technology did not work and that Mr. Tilley had engaged in securities fraud.  Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.  Mr. Kibbey and Mr. Webb even went on television with their claims in February 2003.  Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.

Mr. Kibbey and Mr. Webb later completely repudiated these claims and signed affidavits renouncing their claims.  Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.

The Plaintiffs were aware of these allegations at the time they arose in late 2002. Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.

Investigation by the State of Tennessee

Based on the allegations of Webb and Kibbey, the State of Tennessee, Division of Securities began an investigation into Mr. Tilley and the Tilley Foundation, Inc.  Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5.

Mr. Tilley offered to cooperate with the investigation and to provide the technology for testing.   Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5.  However, the State elected to obtain a search warrant in secret and to seize all documents and technology from Mr. Tilley and the Tilley Foundation, Inc.  Carl Tilley Aff ¶ 5;

Katherine Tilley Aff ¶ 5. The search was performed in May 2003 by the Tennessee Bureau of Investigation ("TBI"). Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5.

The TBI took the technology and all documentation related to the Tilley Foundation, Inc. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5. For the next two (2) years the State of Tennessee reviewed the documents and the technology. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5.

In 2004, Mr. Tilley and the Tilley Foundation, Inc., sued the State of Tennessee for failing to file charges and for return of the unlawfully seized property. Carl Tilley Aff ¶ 6; Katherine Tilley ¶ 6.. In response to this lawsuit, the State of Tennessee indicted Mr. Tilley on charges of theft, securities fraud and sale of unregistered securities – a paperwork violation he never denied. Carl Tilley Aff ¶ 6; Katherine Tilley Aff ¶ 6.

In 2005, the State of Tennessee dismissed the theft and fraud charges and returned all property and documentation to Mr. Tilley. Carl Tilley Aff ¶ 6; Katherine Tilley Aff ¶ 6. Mr. Tilley – who had never disputed the technical problem of selling stock without the benefit of counsel who was familiar with Tennessee's "Blue Sky" laws – obtained judicial diversion on the charge of selling unregistered securities. Carl Tilley Aff ¶ 6.

Judicial diversion is a statutory procedure whereby a person charged with a crime pleads guilty to the offense, but if he satisfactorily completes a period of probation, the charges are expunged from his record. Carl Tilley Aff ¶ 6.

Thus, the State of Tennessee, after seizing all the technology and records of the Tilley Foundation, Inc. – the most invasive "discovery" imaginable – could not prove a case of securities fraud or theft, and meekly settled for judicial diversion on a paperwork charge. Carl Tilley Aff ¶ 6.

4

The Plaintiffs knew or should have known all of these details at or near the time they happened. Carl Tilley Aff ¶ 6; Katherine Tilley Aff ¶ 6.

Plaintiffs' involvement with Tilley Foundation and the technology.

From 2002 until 2004, Plaintiffs were active in the marketing of the technology and in the purchase and sale of stock in the Tilley Foundation, Inc. Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7. Plaintiff Doug Littlefield served as "broker" for the technology and claimed to have several significant buyers for the technology in the amounts of billions of dollars. Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7. See also e-mails from Doug Littlefield to Carl Tilley, attached as Exhibit 1 to Carl Tilley Affidavit.

Plaintiff Bob Moeller and Plaintiff Doug Littlefield were aware of the actions by the Tennessee Bureau of Investigation in May 2003. Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7. Mr. Moeller and Mr. Littlefield arranged for Mr. Tilley to relocate temporarily to the State of Vermont to work on a prototype device and participated actively in helping Mr. Tilley modify an electric car using the technology. Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7.

The Tilley Foundation, Inc., has observed corporate formalities.

The Tilley Foundation, Inc., has a Board of Directors currently consisting of Mr. and Mrs. Tilley, Ben Hogancamp, Joe Bolen, Esq., T.J. Dupree and Cecil Boswell. Carl Tilley Aff ¶ 8; Katherine Tilley Aff ¶ 8. Thus, a majority of the Board of Directors are not related to or affiliated with Mr. and Mrs. Tilley. Carl Tilley Aff ¶ 8; Katherine Tilley Aff ¶ 8.

The company holds annual shareholders' meetings, and recently held one at the company facility at 131 Hiwassee Road. Carl Tilley Aff ¶ 8; Katherine Tilley Aff ¶ 8.

The Tilley Foundation, Inc., is listed as an active corporation with the State of Tennessee Secretary of State and is current in all tax filings. Carl Tilley Aff ¶ 8; Katherine Tilley Aff ¶ 8.

**Plaintiffs' RICO Claims are barred by 18 U.S.C. § 1964(c)**

The Private Securities Litigation Reform Act of 1995 (Pub. L. No. 104-67, § 107) amended RICO to provide that "no person may rely upon conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [18 U.S.C.] section 1962." 18 U.S.C. § 1864(c).

The plain text of the statute clearly bars RICO claims based on alleged securities violations. "In amending RICO, Congress was clear in stating that the PSLRA 'was meant to eliminate the possibility that litigants might frame their securities claims under a mail or wire fraud claim.'" Seippel v. Jenkens & Gilchrist, P.C., 341 F.Supp.2d 363, 372 (S.D.N.Y. 2004), quoting Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd., 205 F. Supp. 2d 243, 248 (S.D.N.Y. 2002).

The legislative history of the PSLRA also supports this conclusion. The Joint Explanatory Statement of the Committee of Conference states:

> The Conference Committee intends that a plaintiff may not plead other specified offenses, **such as mail or wire fraud**, as predicate offenses under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud.

1995 U.S.C.C.A.N. 730, 746 (emphasis added).

In this case, Plaintiffs federal claims are expressly stated as securities fraud. See Plaintiff's Verified Complaint ¶¶ 22-24, 26, 31, 37, 45-52 expressly referencing 15 U.S.C. § 77 *et seq*, which are the federal statutes dealing with securities fraud.

Furthermore, the Plaintiffs have expressly relied upon alleged mail and wire fraud in the sale of securities as their predicate offenses. See Plaintiffs' Verified Complaint ¶¶ 22-31, 35, 56, 59, 64, 65.

The civil RICO statute, 18 U.S.C. § 1964(c), reads in full as follows:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, **except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.** The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted **in connection with the fraud**, in which case the statute of limitations shall start to run on the date on which the conviction becomes final. (emphasis added)

Thus, the Plaintiffs cannot sue for civil RICO if their claim is based on securities fraud, unless the defendant has been "criminally convicted in connection with the fraud".

**None of the Defendants in this case have been criminally convicted in connection with alleged fraud.** The only Defendant that is alleged to have been convicted of any offense is Mr. Tilley, who entered into judicial diversion agreement pursuant to Tennessee Code Annotated § 40-35-313.

First, the exception does not apply to Mr. Tilley because his charges were not in connection with the fraud. Mr. Tilley entered judicial diversion on the charge of selling unregistered securities, not for securities fraud or theft.

Second, Mr. Tilley has not been "convicted." Judicial diversion is a deferral of proceedings, not a conviction. State v. Johnson, 15 S.W.3d 515, 517 (Tenn.Crim.App. 1999). A brief review of Tennessee law confirms this.

7

T.C.A. § 40-35-313(a)(1)(A) specifies that judicial diversion means that the court has "defer[red] further proceedings against a qualified defendant and place such defendant on probation **without entering a judgment of guilty** . . .". No judgment means no conviction.

The deferral means that if Mr. Tilley does not violate his probation, he will be entitled to "discharge and dismissal" of the underlying charges. T.C.A. § 40-35-313(a)(2). Under Tennessee law, this discharge and dismissal "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime **or for any other purpose . . .**". Id.

Thus, judicial diversion is not a conviction under Tennessee law. See, e.g., State v. Johnson, 15 S.W.3d 515, 517 (Tenn.Crim.App. 1999), where the Court stated as follows:

> T.C.A. § 40-35-313(a)(1)(A) provides that if a person is found guilty or pleads guilty to certain offenses, the trial court may, **without the entry of a judgment of guilt** and with consent of such person, defer further proceedings.

State v. Johnson, 15 S.W.3d at 517 (emphasis added).

Thus, Defendant Carl Tilley's judicial diversion on the charge of selling unregistered securities is not a conviction triggering the exception to 18 U.S.C. § 1964, which prohibits RICO suits for securities claims.

Because Plaintiffs' RICO claims are expressly stated as securities violations, and because none of the Defendants have been convicted, counsel respectfully submits that Plaintiffs' RICO claims are barred by the PSLRA as codified at 18 U.S.C. § 1964. See also Seippel v. Jenkens & Gilchrist, P.C., 341 F.Supp.2d 363, 372 (S.D.N.Y. 2004),

8

quoting Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd., 205 F. Supp. 2d 243, 248 (S.D.N.Y. 2002).

Counsel respectfully submits that the Plaintiffs have failed to state a claim as a matter of law regarding alleged violations of RICO and accordingly that Counts 7 and 8 of their Verified Complaint should be dismissed with prejudice.

**Plaintiffs' Tennessee Consumer Protection Act claim not permitted by law**

This Court has long held in reported cases that securities claims are not covered by the Tennessee Consumer Protection Act ("TCPA"). See, e.g., Nichols v. Merrill-Lynch, 706 F.Supp. 1309, 1322, 1324 (M.D. Tenn. 1989); Hardy v. First Amer. Nat. Bank, 774 F. Supp. 1078, 1084 (M.D. Tenn. 1991). See also Joyner v. Triple-Check Financial Services, 782 F.Supp. 362, 368 (W.D. Tenn. 1991); DePriest v. 1717-19 West End Assoc., 951 S.W.2d 761, 774 (Tenn.App. 1997).

All of the Plaintiffs' claims under the TCPA are based on alleged securities fraud. Counsel respectfully submits that their Verified Complaint fails to state a claim for violation of the Tennessee Consumer Protection Act and accordingly Count 6 of their Verified Complaint should be dismissed with prejudice.

**Plaintiffs' breach of corporate fiduciary duty claims barred by limitations period**

Plaintiffs' claims for alleged breach of fiduciary duty are barred by the statute of limitations set forth in T.C.A. § 48-18-601. This provision states in full as follows:

> Any action alleging breach of fiduciary duties by directors
> or officers, including alleged violations of the standards
> established in § 48-18-301, § 48-18-302 or § 48-18-403,
> must be brought within one (1) year from the date of such
> breach or violation; provided, that in the event the alleged
> breach or violation is not discovered nor reasonably should
> have been discovered within the one-year period, the period
> of limitation shall be one (1) year from the date such was

9

> discovered or reasonably should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.

Plaintiffs have been aware of claims of fraud made against these Defendants since at least late 2002, culminating in the raid by the TBI in May 2003. Carl Tilley Aff. ¶ 4; Katherine Tilley Aff ¶ 4.

Plaintiffs knew or should have known at that time that claims were being made that the technology did not work as claimed. Lawsuits were filed; television reports were generated; and the State of Tennessee executed a search warrant on the Tilley Foundation's premises. This triggered the statute in May 2003, but Plaintiffs did not sue until July 2006 – more than 3 years later.

Counsel respectfully submits that the Plaintiffs slept on their rights and lost their claims for alleged breach of corporate fiduciary duty. As a result, Count 2 of their Verified Complaint should be dismissed.

**Plaintiffs' securities fraud claims are also barred by the statute of limitations**

T.C.A. § 48-2-122(h) places a two (2) year statute of limitations and a five (5) year statute of repose on actions for securities fraud. It reads as follows:

> **No action shall be maintained under this section unless commenced before** the expiration of five (5) years after the act or transaction constituting the violation or **the expiration of two (2) years** after the discovery of the facts constituting the violation, or **after such discovery should have been made by the exercise of reasonable diligence, whichever first expires.**

T.C.A. § 48-2-122(h) (emphasis added).

Thus, a Plaintiff has two (2) years to file suit from the date they knew or should have known that he has a claim for alleged securities fraud or his claim is lost forever. In this case, counsel submits it is clear that the Plaintiffs should have known in May 2003 that they had a potential claim for securities fraud.

Plaintiffs knew in late 2002 that claims were being made that the technology did not work as claimed. Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4. Lawsuits were filed alleging fraud; television reports were generated reporting these allegations; and the State of Tennessee executed a search warrant on the Tilley Foundation's premises grounded on claims of alleged securities fraud. The Plaintiffs knew of all of these events. These obvious signs of trouble triggered the statute in May 2003, but Plaintiffs did not sue until July 2006 – more than 3 years later.

Although the Plaintiffs have claimed fraudulent concealment, they specify no specific action or omission by any of the Defendants that would explain how these glaringly obvious events were downplayed. Indeed, Plaintiffs' allegations of concealment are preposterous in light of all the difficulties encountered by the Defendants over the last three (3) years.

For the same reasons the Plaintiffs knew or should have known that they had a cause of action against these Defendants for breach of fiduciary duty, they should have known they had a claim for securities fraud.

Plaintiffs knew or should have known they had a potential claim for securities fraud when the TBI raided the Tilley property in May 2003.

Plaintiffs did not file suit until July 2006, more than three (3) years after the alleged conversion or the alleged fraud and more than a year after the statute of limitations for securities fraud expired.

**Plaintiffs' fraud and conversion claims are also barred by the statute of limitations**

T.C.A. § 28-3-105 puts a three (3) year statute of limitations on claims for conversion of property.

For the reasons identified in the preceding section, the Plaintiffs knew or should have known that they had a potential cause of action for securities fraud more than three (3) years before they filed suit.

Counsel respectfully submits that the Plaintiffs' claim for conversion has been filed outside the statute of limitations and Counts 1 and 3 of their Verified Complaint should be dismissed.

**Plaintiffs' claim for an accounting fails as matter of law**

Tennessee law provides shareholders the right to see certain limited documents, but only if the shareholder makes a written request. T.C.A. § 48-26-102.

Plaintiffs have not alleged that they ever made a written request to inspect corporate records.

Accordingly, Plaintiffs' claim for an accounting and to inspect records fails as a matter of law and Count 4 of their Verified Complaint should be dismissed for failure to state a claim.

**Other shareholders and TFI, Inc., should be joined as plaintiffs, destroying diversity**

Plaintiffs' claims strike at the heart of corporate fidelity and affect all of the shareholders of the Tilley Foundation, Inc. Many of these shareholders are Tennessee residents. Carl Tilley Aff. ¶ 4; Katherine Tilley Aff ¶ 4.

When a corporation is alleged to have been damaged by the actions of its officers and a plaintiff seeks relief that properly belongs to the company – as has been done in this matter by the Plaintiffs' requests for an accounting, dissolution and distribution of corporate assets – the company must be added to the action. See., e.g., Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1615. While the company is a party, whether or not it is properly a plaintiff or a defendant depends upon the circumstances of each individual case.

In Liddy v. Urbanek, 707 F.2d 1222 (7th Cir. 1983), the Court held that a company alleged to have been injured by wrongdoing should be classified as a party plaintiff due to the interests of the shareholder plaintiffs. In this case, given the allegations by the Plaintiffs regarding the company, the Tilley Foundation should be deemed a party plaintiff, which destroys diversity.

In the alternative, all of the shareholders of the Tilley Foundation should be added as parties plaintiff, which would also destroy diversity jurisdiction because most of them are Tennessee residents. Otherwise, "disposition of the action in [their] absence may . . . (ii) leave any of the persons already parties [here, the Defendants] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19. See also Paglin v. Saztec Int'l, Inc., 834 F. Supp.

1201 (W.D. Mo. 1993) (held, joinder of shareholder necessary even though it destroyed diversity jurisdiction).

Counsel respectfully submits that in this case, if the Plaintiffs' allegations are proven, the other shareholders and the corporation need to be joined as parties plaintiff. Since the company and many of these shareholders are from Tennessee, it would destroy diversity jurisdiction. The case should then be dismissed and Plaintiffs can refile in state court if they desire to do so.

## Conclusion

Plaintiffs have filed a RICO claim barred by 18 U.S.C. § 1964(c), a Tennessee Consumer Protection Act claim that is barred by prevailing law, and their claim for access to corporate records lacks a claim that they ever asked to see the records. Also, their claims for fraud, conversion, securities fraud and breach of fiduciary duty are all barred by the statute of limitations. The need to join the remaining shareholders in the Tilley Foundation, Inc., will destroy diversity jurisdiction on the remaining claim for dissolution of the company.

For all these reasons, counsel respectfully submits that the Court should dismiss the Plaintiffs' Verified Complaint.

This the 30th day of July, 2006.

>Respectfully submitted,
>
>/s/ Henry D. Fincher
>Henry D. Fincher (No. 16682)
>305 East Spring Street
>Cookeville TN 38501
>(931) 528-4000
>
>Attorney for the Defendants Carl Benson Tilley,
>Katherine Tilley and the Tilley Foundation, Inc.

## CERTIFICATE OF SERVICE

       I certify that I have caused a true and correct copy of the foregoing to be served upon counsel for the Plaintiffs, Hon. G. Kline Preston IV, KLINE PRESTON GROUP, P.C., 4525 Harding Road, Ste. 200, Nashville TN 37205, by filing with the Middle District of Tennessee's CM/ECF filing system, this the 30th day of July, 2006.

                              /s/ Henry D. Fincher    .
                              Henry D. Fincher