IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DOUG LITTLEFIELD, ROBERT MOLLEUR, and RODNEY BARRUP, ) ) ) Plaintiffs, ) ) vs. ) ) CARL BENSON TILLEY, KATHERINE TILLEY, TILLEY FOUNDATION, INC. (a Tennessee corporation), and CT TECHNOLOGY, INC. (a Nevada corporation), ) ) ) ) ) ) ) Defendants. ) | CASE NO.: 206 0061 JURY DEMAND |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION TO COMPEL JOINDER OF NECESSARY PARTIES**

Come the Plaintiffs, by and through counsel, and, in opposition to the Defendants' motion to dismiss, would state and show that the Defendants' motion should be denied for the following reasons:

**I**

**THE DEFENDANTS' MOTION TO DISMISS SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT AND DENIED**

The Plaintiffs respectfully submit that the Defendants' motion to dismiss should be converted to a motion for summary judgment and the Plaintiffs should be given the full opportunity to conduct discovery before the motion is ruled upon. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257, 106 S. Ct. 2505, 91L. Ed. 2d 202 (1986); and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91L. Ed. 2d 265 (1986). At this time, however, the motion should be denied. The plain language of Rule 56(c),

Federal Rules of Civil Procedure, mandates the entry of a summary judgment after adequate time for discovery and upon motion. The Sixth Circuit has likewise held that, in light of *Anderson* and *Celotex*, a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Circuit, 1994). In this case, the motion to dismiss should be considered as a motion for summary judgment and denied because discovery has only begun. For that reason, and those set forth in the accompanying affidavit of Mr. Doug Littlefield, the Defendants' motion should be denied. With that in mind, the Plaintiffs respectfully submit that they should be granted additional time within which to conduct discovery and respond. It is clear from the affidavit of Doug Littlefield on behalf of the Plaintiffs that discovery is required in order to support their causes of action and the Defendants' fraudulent concealment. No discovery has been completed in this action, as the action just began.

The Sixth Circuit has found that the mere presentation of evidence outside of the pleadings, absent the District Court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment. *Max Arnold & Sons, LLC, v. W.L. Hailey & Company, Inc.*, 452 f3d 494 C. A. 6 (Tenn.) 2006. Therefore, the Plaintiffs submit that the motion should be converted to a motion for summary judgment. As such, the Plaintiffs should be granted sufficient time under the Rules to respond to the motion for summary judgment within the time allotted by law and pursuant to the Federal Rules of Civil Procedure Rule 56 and the Local Rules.

## II

**THE PLAINTIFFS' RICO CLAIMS ARE NOT BARRED BY 18 U.S.C. § 1964(C).**

The Plaintiffs submit that their RICO claims are not barred by 18 U.S.C. § 1964(c), which does eliminate cases "which could have been brought as fraud in the purchase or sale of securities in order to establish a violation of 18 U.S.C. § 1962." The Plaintiffs submit that the claims for mail and wire fraud and the interstate transportation of stolen property have not been excluded from the Act and that the Defendants engaged in other actions which establish predicate acts under RICO sufficient to establish a RICO claim. The Plaintiffs submit that there are no Sixth Circuit cases which interpret RICO claims and the securities fraud exclusion nor wire and mail fraud. In addition to mail and wire fraud claims, the Plaintiffs have asserted interstate transportation of stolen property in establishing their cause of action for RICO. The Plaintiffs submit that, without the express exclusion within the civil RICO statute, 18 U.S.C. § 1964(c), that the predicate actions of mail and wire fraud and interstate transportation of stolen property are sufficient to establish the predicate acts for RICO action. Therefore, the Defendants' motion to dismiss should be denied.

## III

**THE PLAINTIFFS' TENNESSEE CONSUMER PROTECTION ACT CLAIM IS PERMITTED BY LAW.**

The Defendants argue that the Plaintiffs' Tennessee Consumer Protection Act claim is not permitted by law. However, this issue was expressly considered by the Tennessee Court of Appeals in *Johnson v. John Hancock Funds*, 2006 WL 1864802 Tenn. Ct. App. 2006, Blue Sky L. Rep. p 74, 583, in an opinion issued on June 30, 2006. In *Johnson*, the Court of Appeals held that Tennessee Consumer Protection Act claims

for selling unregistered securities and other deceptive acts involving the sale of securities are permissible under Tennessee law. Therefore, the Defendants' motion should be denied.

## IV

**THE PLAINTIFFS' ACTIONS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS ON ANY CAUSE OF ACTION**

The Defendants argue that the Plaintiffs' cause of action for breach of fiduciary duty, securities fraud, fraud, and conversion are barred by the applicable statutes of limitations. In support of the Defendants' motions, the Defendants argue that the Plaintiffs have known of the claims of fraud made against the Defendants since at least late 2002, which culminated in a raid by the TBI in May 2003. The Defendants rely upon the affidavits of Carl Tilley and Katherine Tilley in support of their motion to dismiss based on the statute of limitations. The Plaintiffs submit that this converts the motion to a motion for summary judgment as opposed to a motion to dismiss because it relies upon affidavits and other facts outside of the pleadings. The motion should be denied as a Rule 56 motion because there are clearly material facts in dispute which make summary judgment inappropriate. Mr. Doug Littlefield clearly establishes in his affidavit that Mr. Tilley fraudulently concealed his actions. (Affidavit of Mr. Doug Littlefield, ¶ 4, 6, 7, 8, 10, 11, 12). The statute of limitation period for a claim of breach of corporate fiduciary duty is one (1) year from the date of discovery pursuant to Tennessee Code Annotated § 48-18-601. The Defendants argue that the Plaintiffs were aware of the claims of fraud in 2002 and, therefore, the statute began to run in 2002. The Plaintiffs submit that this argument must fail because the Plaintiffs have pled that the Defendants concealed their fraud using intricate schemes, promises, and lies, and this has prevented the Plaintiffs

from discovering the fraud until recently (Verified Complaint, ¶ 14; Affidavit of Doug Littlefield, ¶ 4, 6, 7, 8, 10, 11, 12). The issue as to when the Plaintiffs should have reasonably discovered the fraud by the Defendants is a disputed issue and one which requires a trial by jury. To argue that the Plaintiffs were aware of the Defendants' fraud in 2002 because of allegations made by <u>others</u> does not satisfy the fact that the Plaintiffs should have known of the fraud, especially when the Defendants denied the claims and continue to do so. The Plaintiffs clearly believed the Defendants and relied upon their fraudulent misrepresentations throughout the allegations by others.

The Defendants rely upon the same argument in support of their motion to dismiss the securities fraud claim, arguing that the Plaintiffs should have known of the Defendants' misrepresentations in 2002. Tennessee Code Annotated § 48-2-122(h) does place a two (2) year statute of limitations and a five (5) year statute of repose on actions for securities fraud. The Defendants have failed to establish when the Plaintiffs' discovered the Defendants' fraud. It is important to note that there were affidavits which arose from prior litigation against the Defendants recanting allegations against the Defendants by both of the Plaintiffs, Mr. Kibbey and Mr. Webb. Throughout the time when the State of Tennessee and others were making allegations about the Defendants' fraud, the Defendants continued to defend themselves and counter the allegations by others. In fact, the Defendants deny these allegations to this date in their affidavits before this Court. The Plaintiffs relied upon the representations of the Defendants and stuck with them throughout. The question as to how reasonable their reliance was is not one for a motion to dismiss or a converted motion for summary judgment. This issue is material and in dispute. This is a jury question.

5

The Defendants' motion to dismiss the fraud and conversion claims because they are allegedly barred by the statute of limitations should be denied as well. The claims for fraud and conversion both have a three (3) year statute of limitations. However, both of these claims also are subject to the common law discovery rule which is not triggered until the Plaintiff should have discovered the injury. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W. 3d 614 (Tenn. 2002). Therefore, the Plaintiffs, having only recently come to realize that the Defendants are and have been defrauding them, should not be barred by the statute of limitations pursuant to the discovery rule and the Defendants' fraudulent concealment of their actions.

## V

## THE PLAINTIFFS' CLAIM FOR AN ACCOUNTING IS WELL-PLED

The Plaintiffs submit that they are entitled to an accounting of the books and records of the corporation. The Defendants have not submitted any case law or other authority to substantiate their claim that the Plaintiffs cannot maintain an action for an accounting. Although the Defendants cite Tennessee Code Annotated § 48-26-102 in support of their motion to dismiss on this count, the Plaintiffs submit that this remedy is not exclusive and the Defendants have not shown how it is an exclusive remedy. In any event, the Plaintiffs have served notice pursuant to Tennessee Code Annotated § 48-26-102 to the Defendants to inspect and copy the books and records of the corporation in accordance with Tennessee Code Annotated § 48-26-101 and -102 for August 23, 2006, at 10:00 a.m. The Plaintiffs submit that this motion is premature in that the Defendants will, more than likely, obstruct the shareholders' rights to view the records pursuant to statute on August 23, 2006.

# VI

## THE DEFENDANTS' MOTION TO COMPEL JOINDER OF INDISPENSABLE PARTIES IS INAPPROPRIATE

The Defendants argue that the other shareholders and TFI, Inc. should be joined as Plaintiffs, thereby destroying diversity. The Plaintiffs submit that the Defendant, TFI, Inc., is a defendant, and is properly a defendant. The Plaintiffs have alleged that TFI, Inc. engaged in the fraudulent actions and that Tilley Foundation, Inc., is a nominal defendant as well, pursuant to Tennessee Code Annotated § 48-24-301 *et seq.,* which requires that the corporation be named as a nominal defendant. Simply because the Defendants want to destroy diversity jurisdiction and avoid federal court in this action is not a legal basis for changing TFI, Inc. from a defendant to a plaintiff or joining other shareholders. The Defendants seem to argue that the shareholders of Tilley Foundation should be added as parties plaintiff. The Defendants argue that "disposition of the action in [their] absence may … (ii) leave any of the persons already parties [here, the Defendants] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." citing Federal Rules of Civil Procedure, Rule 19. The Defendants have failed to cite a Sixth Circuit case on point, but the Federal Rules of Civil Procedure, Rule 19, clearly states that joinder of persons needed for just adjudication is only proper if to do so would not destroy diversity jurisdiction:

> "(a) persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence, complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

7

multiple, or otherwise inconsistent obligations by reason of the claimed interest."

It is obvious why the Defendants failed to cite the first part of Rule 19(a), Federal Rules of Civil Procedure. The joinder of the shareholders of Tilley Foundation, Inc. would deprive this Court of jurisdiction. Clearly, that is not the intent of Rule 19. And, furthermore, none of the alleged shareholders has filed an action which can be joined. The Defendants have failed to cite any cases which would otherwise support their claim that joinder of the other shareholders is necessary. The purpose of this motion is clear - to destroy diversity and avoid Federal Court, which is clearly not where the Defendants wish to be.

## VII

### CONCLUSION

In conclusion, the Plaintiffs submit that the Defendants' motion should be denied. The motion should be treated as a motion for summary judgment, and addressed in that standard. The Defendants' motion should be denied because it is premature pursuant to Rule 56, Federal Rules of Civil Procedure. However, as a matter of law, the Defendants' motion to dismiss on the RICO claim should be denied because the Plaintiffs have sufficiently pled predicate acts which support a RICO claim. The Defendants' motion as to the statutes of limitations on fraud, conversion, securities fraud, and the Tennessee Consumer Protection Act should likewise be denied because of the Defendants' fraudulent concealment and the discovery rule. Likewise, the Defendants' motion to dismiss the Tennessee Consumer Protection Act claim should be denied because the law permits such a case.

For the foregoing reasons, the Plaintiffs submit that the Defendants' motion should be denied.

Respectfully submitted,

/s/ G. Kline Preston, IV
Preston Law Group, P.C.
G. Kline Preston, IV  #17141
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 620-4322
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that notice of the filing of this document will be electronically mailed to Mr. Henry D. Fincher, Esq., 311 E. Spring St., Cookeville, TN, 38501-3311, at hfincher@multipro.com on this the 16th day of August, 2006.

/s/ G. Kline Preston, IV
G. Kline Preston, IV