IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| DOUG LITTLEFIELD, ROBERT MOLLEUR, And RODNEY BARRUP, <br>     Plaintiffs, <br> v. <br> CARL BENSON TILLEY, KATHERINE TILLEY, TILLEY FOUNDATION INC. (a Tennessee corporation), and CT TECHNOLOGY, INC. (a Nevada corporation), <br>     Defendants. | ) ) ) ) ) Case No. 2: 06-0061 ) ) JURY DEMAND (12) ) ) ) ) |

**DEFENDANTS TILLEY AND TILLEY FOUNDATION, INC.'S
REPLY MEMORANDUM
REGARDING DEFENDANTS' MOTION TO QUASH**

Plaintiffs served discovery before the issuance of the pretrial disclosures. This is prohibited by Fed.R.Civ.P. 26(d). Accordingly, Defendants moved to quash this discovery. The local rules do not require a conference on a motion to quash discovery, only on a motion to quash a subpoena.

Counsel respectfully submits that the Plaintiffs are mistaken about the Federal Rules of Civil Procedure. Fed.R.Civ.P. 26(d) plainly states in relevant part:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, **a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).**

Counsel respectfully submits this settles the matter.

Wright, Miller & Kane echo the plain language of the Rule:

> The 1993 amendment to Rule 26(d) moved further from the pre-1970 rule of priority. That amendment added the provision that **in general no discovery may be**

> **undertaken until the parties have met pursuant to Rule 26(f) and discussed a discovery plan.** That discovery plan, discussed in another section, may include provisions regarding scheduling. Except for depositions that may by rule be taken prior to the Rule 26(f) conference, **the moratorium applies to all discovery.**

Wright, Miller & Kane Federal Practice & Procedure: Civil 2d § 2046.1 p. 592 (emphasis added).

The pocket part contains the following:

> In 2000, Rule 26(d) was further amended to eliminate the authority of courts to opt out by local rule from the discovery moratorium, and to provide that categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) are also exempted from the moratorium.

Wright, Miller & Kane Federal Practice & Procedure: Civil 2d § 2046.1 2005 PP p. 170 (emphasis added).

Counsel respectfully submits that Plaintiffs have violated the moratorium by propounding discovery early. All Defendants want is an order recognizing this and enforcing the provisions of Rule 26(d) so discovery can proceed according to the rules.

This the 16th day of August, 2006.

        Respectfully submitted,

        /s/ Henry D. Fincher
        Henry D. Fincher (No. 16682)
        305 East Spring Street
        Cookeville TN 38501
        (931) 528-4000

        Attorney for the Defendants Carl Benson Tilley, Katherine Tilley and the Tilley Foundation, Inc.

CERTIFICATE OF SERVICE

       I certify that I have caused a true and correct copy of the foregoing to be served upon counsel for the Plaintiffs, Hon. G. Kline Preston IV, KLINE PRESTON GROUP, P.C., 4525 Harding Road, Ste. 200, Nashville TN 37205, by filing with the Middle District of Tennessee's CM/ECF filing system, this the 16th day of August, 2006.

                                      /s/ Henry D. Fincher    .
                                      Henry D. Fincher