UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DOUG LITTLEFIELD, et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 2:06-0061 |
| CARL BENSON TILLEY, et al., | ) Judge Echols/Bryant |
| | ) **Jury Demand** |
| Defendants. | ) |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Pending before the Court is plaintiffs' Motion for Sanctions (Docket Entry No. 63-1), which seeks sanctions against the defendants for failure to comply with an order compelling defendants' responses to written discovery. For the reasons stated below, the undersigned **RECOMMENDS** that with respect to defendant Carl Benson Tilley plaintiffs' motion should be **DENIED**, but with respect to the remaining defendants, plaintiffs' motion for sanctions should be **GRANTED** and judgment by default in favor of plaintiffs should be entered against these defendants.

Since entry of the order of October 5, 2006, granting defendants' counsel leave to withdraw, defendants have not been represented by counsel. Despite repeated admonitions by the Court advising that corporate parties are required to be represented by counsel, no counsel has appeared for defendants Tilley Foundation, Inc. and CT Technology, Inc. Defendant Carl Tilley has signed several filings purportedly on behalf of himself and his wife, defendant Katherine Tilley.

Plaintiffs' Motion for Sanctions is premised upon the defendants' failure to respond to written discovery served by the plaintiffs. By order entered March 16, 2007, the undersigned Magistrate Judge granted plaintiffs' motion to compel and directed the defendants to serve responses on or before April 23, 2007. It appears from the record that defendant Carl Tilley did thereafter serve responses, although plaintiffs assert that those responses are "woefully inadequate." The remaining defendants, however, made no response, despite the Court's admonition in its March 16, 2007 order that failure to comply with the order would subject the defendants to the possibility of sanctions, including a recommendation that judgment by default be entered against them.

Although plaintiffs urge that Carl Tilley's responses to discovery are so manifestly inadequate as to deserve sanctions, the undersigned Magistrate Judge, on this record, cannot come to that conclusion.

## RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the motion for sanctions against Mr. Tilley be **DENIED**, but that judgment by default should be entered against defendants Katherine Tilley, Tilley Foundation, Inc. and CT Technology, Inc., pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, for their failure to obey an order to provide responses to the plaintiffs' written discovery.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of August 2007.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge

3