UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| DOUG LITTLEFIELD, ROBERT | ) | |
| MOLLEUR, and RODNEY BARRUP, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:06-0061 |
| | ) | Judge Echols |
| CARL BENSON TILLEY, | ) | |
| KATHERINE TILLEY, TILLEY | ) | |
| FOUNDATION, INC., a Tennessee | ) | |
| Corporation, and CT TECHNOLOGY, | ) | |
| INC., a Nevada Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation (Docket Entry No. 64) from the Magistrate Judge in which he recommends denying Plaintiffs' Motion for Sanctions (Docket Entry No. 63) against Defendant Carl Benson Tilley, but granting said Motion as to Defendants Katherine Tilley, Tilley Foundation, Inc., and CT Technology, Inc. because those Defendants did not serve discovery responses despite being Ordered to do so by the Court. Defendant Katherine Tilley has filed an Objection (Docket Entry No. 65).

The discovery responses were ordered to be served after Plaintiffs filed a Motion to Compel (Docket Entry No. 47), the Magistrate Judge set the matter for hearing (Docket Entry No. 48), reset the hearing to accommodate Defendants' request (Docket Entry No. 52), held a hearing at which Defendants did not appear, and then entered an Order requiring Defendants to serve written discovery responses by April 23, 2007. In ordering responses to Plaintiff's written discovery, the Magistrate Judge specifically warned the Defendants that their failure to comply with the court's

1

Order could "well subject them to sanctions, including but not limited to entry of judgment against them by default." (Docket Entry No. 57 at 2). Nevertheless, only Defendant Carl Benson Tilley served any sort of response to Plaintiffs' discovery requests. While the Plaintiffs asserted before the Magistrate Judge that the responses by Carl Benson Tilley were "woefully inadequate," the Magistrate Judge ruled that based on the present record he could not conclude that the "responses to discovery are so manifestly inadequate as to deserve sanctions[.]" (Docket Entry No. 64 at 2). Plaintiffs have not objected to this conclusion.

In her Objection, Defendant Katherine Tilley states that she "suffers from an advanced stage of multiple sclerosis and is bed-ridden the vast majority of the time." (Id. ¶ 2). She also claims that she thought her husband's responses "would suffice to meet the court's directive." (Id. ¶ 3).

The Court will overrule Defendant Katherine Tilley's Objection. Her Objection is unsigned, let alone verified. Moreover, her contention that she thought her husband's responses were sufficient is belied by the fact that Carl Benson Tilley's responses to the discovery requests are signed and verified by him alone, and indicate that he is the sole person providing all the information in the responses. Additionally, Defendant Carl Benson Tilley is not an attorney, and therefore cannot represent anyone but himself.

While the Court will overrule Defendant Katherine Tilley's Objection, it will allow that Defendant one more opportunity to provide appropriate responses to the discovery requests before entering a default judgment as to her. However, because no valid and verified excuse has been given for not responding up until this point, the Court will impose a compliance fine in the amount of twenty-five dollars ($25.00) per day.

As for the corporate Defendants, no Objection has been filed to the R & R. The Tilleys were

warned on two occasions that the corporate Defendants needed to be represented by counsel. When counsel for Defendants sought leave to withdraw, the Court granted that request but specifically stated that "[w]hile Defendants Carl Tilley and Katherine Tilley can elect to represent themselves, the corporate Defendants must be represented by counsel." (Docket Entry No. 40 at 1). In that Order, Defendants were also informed that if counsel for the corporate Defendants did not appear within thirty days, the case would go forward but "the corporate Defendants may suffer the consequences, including an order for default judgment in favor of the Plaintiffs." (Id. at 2). In an Order dated March 16, 2007, the Magistrate Judge observed that counsel for the corporate Defendants had yet to appear and the Defendants were again "notified that their continued failure to employ counsel in this matter may subject them to sanctions, including entry of default judgment against them." (Docket Entry No. 57 at 2). These directive went unheeded and, as the Magistrate Judge concluded, default judgment against the corporate Defendants is warranted.

The Court also concludes that attorneys fees and costs are warranted for Plaintiffs having to pursue the Motion to Compel. Under Rule 37(b) of the Federal Rules of Civil Procedure, where parties fail to obey a court Order relating to discovery, the Court may award attorney fees and costs "caused by the failure, unless the court finds that other circumstances make an award of expenses unjust." The Court is aware of no circumstances which would make an award of attorney fees unjust and, accordingly, the Plaintiffs will be required to submit documentation setting forth the costs and reasonable attorneys fees which were incurred by Plaintiffs in having to pursue the Motion to Compel.

Accordingly, the Court rules as follows:

(1) "Defendant Katherine Tilley's Objection to Magistrate's Report and Recommendation"

3

(Docket Entry No. 65) is hereby OVERRULED;

(2) The Report and Recommendation of the Magistrate Judge (Docket Entry No. 64) is hereby APPROVED IN PART and AMENDED IN PART;

(3) Plaintiffs' Motion for Sanctions (Docket Entry No. 63) is hereby GRANTED IN PART and DENIED IN PART. The Motion for Sanctions is DENIED with respect to Defendant Carl Benson Tilley, but GRANTED with respect to all remaining Defendants;

(4) Defendant Katherine Tilley shall immediately provide complete and accurate responses to all outstanding discovery requests. The Court hereby IMPOSES a compliance fine of twenty-five dollars ($25.00) per day. That twenty-five dollar compliance fine will begin upon entry of this Order and continue until the Magistrate Judge determines that the discovery responses provided by Defendant Katherine Tilley meet the requirements of the Federal Rules of Civil Procedure. Failure to follow the directives and/or orders by the Magistrate Judge also may result in entry of a judgment by default against the offending party;

(5) JUDGMENT BY DEFAULT in this action shall be entered in FAVOR of the Plaintiffs and AGAINST the Defendants Tilley Foundation, Inc. and CT Technology, Inc.;

(6) Plaintiffs are hereby AWARDED costs and attorneys fees incurred in pursuing the Motion to Compel. Within ten (10) days of the date of entry of this Order, Plaintiffs shall submit to the Court appropriate documentation setting forth the costs and reasonable attorneys fees incurred in pursuing the Motion to Compel;

(7) Based upon the record, it appears that the case is not ready for trial largely because of the uncooperativeness of Defendants. Nevertheless, Plaintiffs have a right under the discovery process to discover facts and relevant evidence to meet their burden of proof in the case. In view

of the existing controversy regarding discovery and the inadequacy of the information furnished by the Defendants it is doubtful that the parties will be ready for trial on the designated trial date of September 25, 2007. The Magistrate Judge is directed to expeditiously address the issue of outstanding discovery and inform the Court as to whether this case can be ready for trial as scheduled. At this time the final pretrial conference in this case is scheduled for Friday, August 31, 2007, which is hereby continued and will be rescheduled after the Court is notified by the Magistrate Judge as to whether this case should proceed to trial as scheduled; and

(8) This case is hereby returned to the Magistrate Judge for further proceedings consistent with this Order.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE