# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

DOUG LITTLEFIELD, ROBERT
MOLLEUR and RODNEY BARRUP
    Plaintiffs

VS                                      CASE NO 2:06-0061

                                                        Judge Echols/Bryant

                                                        Jury Demand

CARL BENSON TILLEY, KATHERINE
TILLEY, TILLEY FOUNDATION, INC.,
(a Tennessee corporation), and CT TECHNOLOGY.
INC., (a Nevada corporation)
    Defendants

## MOTION FOR SUMMARY JUDGMENT
## MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT
## OF DEFENDANTS TILLEY

Come the Defendants, Carl Benson Tilley and Ruth Katherine Tilley by and through representing themselves at this time and hereby move this Court for **Summary Judgment** in and for case NO 2: 06-0061 as so ordered under Case Management Order (Document 105) dated January 19, 2008 by United States Magistrate Judge John Bryant.

    Defendants incorporate by reference all prior submissions of affidavits, statements, reports and pleadings filed

## Summary

Plaintiffs' RICO claims are barred by 18 U.S.C. § 1964(c). Plaintiffs' claim for violations of the Tennessee Consumer Protection Act are barred as a matter of

1

law because the **Act does not apply to securities sales.** See, e.g., Hardy v. First Amer Nat. Bank, 774 F Supp. 1078, 1084 (M.D. Tenn 1991). Also, Plaintiffs' claims for alleged fraud, conversion, securities fraud and breach of corporate fiduciary duties **are barred by their respective rule of law and statutes of limitations.**

Plaintiffs learned as of May 2003 that the Defendants had been sued for fraud; that television reports claimed fraud; and that the Tennessee Bureau of Investigation had executed a search warrant, seizing all corporate records and technology. Suit was not filed until July 2006, **outside the 3 year statute of limitations** for fraud, conversion and breach of corporate duty, and **outside the 2 year statute of limitations** for securities fraud.

Jurisdiction is also lacking because Plaintiffs have failed to join two sets of necessary parties as Plaintiffs – the shareholders of the Tilley Foundation, Inc., and the corporation itself, who the Plaintiffs have alleged has been defrauded by the alleged actions of Mr and Mrs. Tilley. Many of the shareholders are Tennessee residents, and the Tilley Foundation, Inc., is a Tennessee corporation. Their joiner as plaintiffs would destroy the complete diversity required by Strawbrkke v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed 435 (1806), and thus the Plaintiffs' Verified Complaint **should be dismissed for lack of jurisdiction.**

## Statement of Relevant Facts

Mr. and Mrs. Carl Tilley are senior citizens who live in rural Perkins County at County Road 67875 Road 333, Grant Nebraska. Carl Tilley Aff 2; Katherine Tilley Aff.

2

2. Mr. Tilley has invented technology that produces superior results and performance in battery charging. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3. This technology has been the subject of controversy since its existence became known. Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3.

The technology has been tested and proven a number of times in private testing. Carl Tilley Aff ¶ 3; Katherine Tilley Aff 3 Aff from Dockets 54, 55, and 56 The technology has been offered for sale for years but due to various lawsuits and investigations has not been sold Carl Tilley Aff ¶3; Katherine Tilley Aff ¶ 3.

The technology has been protected by "trade secret" methods (i e , kept under wraps) and not by a patent. Carl Tilley Aff 3; Katherine Tilley Aff 3.

This decision was made early on by Mr. Tilley due to the difficulty of defending patent lawsuits and was agreed to and **so ordered by the Board of Directors of the Tilley Foundation, Inc.** Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3. *as* <u>well as Plaintiffs Littelfield and Molleur who were Board of Directors at that time.</u>

Therefore Plaintiffs knew since at least May 2003 that no patent was contemplated or desired by Mr. Tilley Carl Tilley Aff ¶ 3; Katherine Tilley Aff ¶ 3.

### **Earlier allegations of fraud.**

In late 2002, fraud allegations were raised against the Defendants. Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4. Two (2) former associates – Robert Kibbey and Walter Webb – filed suit in state court claiming that Mr Tilley's technology did not work and that Mr. Tilley had engaged in securities fraud. Carl Tilley Aff ¶ 4; Katherine Tilley Aff

3

¶ 4. Mr. Kibbey and Mr. Webb even went on television with their claims as well as the internet in February 2003. Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4.

<u>Mr. Kibbey and Mr. Webb later completely repudiated these claims</u> **admitted they lied and signed affidavits renouncing their claims** Carl Tilley Aff ¶ 4; Katherine Tilley Aff 4.

The Plaintiffs were aware of these allegations at the time they arose in late 2002 and even assisted Defendants in defending the alligations. Carl Tilley Aff 4; Katherine Tilley Aff 4.

## Investigation by the State of Tennessee

Based on the allegations of Webb and Kibbey, which they later admitted they lied, the State of Tennessee, Division of Securities began an investigation into Mr. Tilley and the Tilley Foundation, Inc. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5.

Mr. Tilley offered to cooperate with the investigation and to provide the technology for testing. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5 However, the State elected to obtain a search warrant in secret and to seize all documents and technology from Mr. Tilley and the Tilley Foundation, Inc. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5. The search was performed in May 2003 by the Tennessee Bureau of Investigation ("TBI") Carl Tilley Aff ¶5; Katherine Tilley Aff ¶ 5.

The TBI took the technology and all documentation related to the Tilley Foundation, Inc. Carl Tilley Aff ¶ 5; Katherine Tilley Aff ¶ 5. For the next two (2) years the State of Tennessee reviewed the documents **along with previous test results** (see Docket 54, 55 and 56) **of the technology.** Carl Tilley Aff ¶ 5;Katherine Tilley Aff If 5.

In 2004, Mr. Tilley and the Tilley Foundation, Inc., sued the State of Tennessee

4

for failing to file charges and for return of the unlawfully seized property. Carl Tilley Aff ¶ 6; Katherine Tilley Aff 6. In response to this lawsuit, the State of Tennessee indicted Mr. Tilley on charges of theft, securities fraud and sale of unregistered securities –a paperwork violation he never denied. Carl Tilley Aff ¶6; Katherine Tilley Aff 6.

**In 2005, the State of Tennessee <u>dismissed</u> the theft and fraud charges and returned all property "<u>at states expense</u> and documentation <u>at states expense to Mr. Tilley</u>."** Carl Tilley Aff 6; Katherine Tilley Aff ¶ 6. Defendants never disputed the technical problem of selling stock without the benefit of counsel who was familiar with Tennessee's "Blue Sky" laws –obtained judicial diversion on the charge of selling unregistered securities. Carl Tilley Aff ¶ 6

Thus, the State of Tennessee, after seizing all the technology and records of the Tilley Foundation, Inc. –**the most invasive "discovery" imaginable –could not prove a case of securities fraud or theft,** and meekly settled for judicial diversion on a **paperwork charge.** Carl Tilley Aff ¶ 6

The Plaintiffs knew all of these details at the time they happened. Carl Tilley Aff ¶ 6; Katherine Tilley Aff 6

### Plaintiffs' involvement with Tilley Foundation and the technology

From 2002 until 2004, Plaintiffs were active in the marketing of the technology and in the purchase and sale of stock in the Tilley Foundation, Inc. Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7. Plaintiff Doug Littlefield served as "broker" for the technology and claimed to have several significant buyers for the technology in the amounts of

5

billions of dollars Carl Tilley Aff ¶ 7; Katherine Tilley Aff ¶ 7. ~ ~ e-mails from Doug Littlefield to Carl Tilley, attached as Exhibit 1 to Carl Tilley Affidavit. Plaintiff Bob Moeller and Plaintiff Doug Littlefield were aware of the actions by the Tennessee Bureau of Investigation and <u>signed and submitted letters of protest over the outrageous actions of the State along</u> with a stockholders affidavit in support of Defendants which **clearly showed Plaintiffs were fully aware of the issues.** In May 2003. Carl Tilley Aff If 7; Katherine Tilley Aff ¶ 7 Mr. Moeller and Mr. Littlefield arranged for Mr. Tilley to relocate temporarily to the State of Vermont to work on a prototype device and participated actively in helping Mr. Tilley modify an electric car, house device all using the technology Carl Tilley Aff 11 7; Katherine Tilley Aff ¶ 7.

## Plaintiffs RICO claims are barred.

Plaintiffs' RICO Claims are barred by 18 U.S.C. § 1964(c) The Private Securities Litigation Reform Act of 1995 (Pub L No. 104-67, § 107) amended RICO to provide that **"no person may rely upon conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [18 U.S.C.] section 1962."** 18 U.S.C. § 1864(c).

The plain text of **the statute clearly bars RICO claims based on alleged securities violations.** "In amending RICO, Congress was clear in stating that the PSLRA 'was meant to eliminate the possibility that litigants might frame their securities claims under a mail or wire fraud claim." <u>Seippel v. jenkens & Gilchrist, P.c.</u>, 341 F.Supp.2d 363, 372 (S.D.N.Y 2004), quoting <u>Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd.</u>, 205 F Supp. 2d 243, 248 (S.D.N.Y 2002).

6

The legislative history of the PSLRA also supports this conclusion. The Joint Explanatory Statement of the Committee of Conference states:

> **"The Conference Committee intends that a plaintiff may not plead other specified offenses, such as mail or wire fraud, as predicate offenses under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud"** 1995 U.S.C.C.A.N. 730, 746 (emphasis added)

In this case, Plaintiffs federal claims are expressly stated as securities fraud. ~ Plaintiff's Verified Complaint ¶ 22-24, 26, 31, 37, 45-52 expressly referencing 15 U.S.C. § 77 *etseq*, which are the federal statutes dealing with securities fraud. Furthermore, the Plaintiffs have expressly relied upon alleged mail and wire fraud in the sale of securities as their predicate offenses. ~ Plaintiffs' Verified Complaint ¶¶ 22-31, 35, 56, 59, 64, 65.

The **civil RICO statute**, 18 U.S.C. § 1964(c), reads **in full** as follows:

**Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.** (emphasis added)

**Thus, the Plaintiffs cannot sue for civil RICO if their claim is based on**

7

**securities fraud,** unless the defendant has been "criminally convicted in connection with the fraud".

**None of the Defendants in this case have been criminally convicted** in connection with any alleged fraud. The only Defendant that is alleged to have been convicted of any offense is Mr. Tilley, who entered into judicial diversion agreement pursuant to Tennessee Code Annotated § 40-35-3 13

First, **the exception does not apply to Mr. Tilley because his charges were not in connection with the fraud.** Mr. Tilley entered judicial diversion on the charge of selling unregistered securities, **not for securities fraud or theft.**

Second, Mr. Tilley has not been "convicted." **Judicial diversion is a deferral of proceedings, not a conviction.** State v. Johnson, 15 S.W.3d 515, 517 (Tenn.Crim App 1999). A brief review of Tennessee law confirms this.

T.C.A. § 40-35-313(a) (1) (A) specifies that judicial diversion means that the court has "defer[red] further proceedings against a qualified defendant and place such defendant on probation without entering a judgment of guilty **No judgment means no conviction.**

Under Tennessee law, this discharge and dismissal **"shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose.."**

Thus, judicial diversion **is not** a conviction under Tennessee law. S~, ~ State v. Johnson, 15 S.W.3d 515, 517 (Tenn.Crim App. 1999), where the Court stated as follows:

> T.C.A. § 40-35-313(a) (1) (A) provides that if a person is found guilty or

8

pleads guilty to certain offenses, the trial court may, without the entry of a judgment of guilt and with consent of such person, defer further proceedings. State v. Johnson, 15 S.W.3d at 517 (emphasis added).

Thus, Defendant Carl Tilley's judicial diversion on the charge of selling unregistered securities is not a conviction triggering the exception to 18 U.S.C. § 1964, which **prohibits RICO suits for securities claims.**

Because Plaintiffs' RICO claims are expressly stated as securities violations, and **because none of the Defendants have been convicted, Defendants respectfully submits that Plaintiffs' RICO claims are barred by the PSLRA as codified** at 18 U.S.C. § 1964 ~ ai~u Seippel v. Jenkens & Gilchrist, P.C., 341 F.Supp.2d 363, 372 (S.D.N.Y. 2004), quoting jordan (Berm.) mv. Co. v Hunter Green Invs. Ltd., 205 F. Supp. 2d 243, 248 (S.D.N.Y. 2002).

Defendants respectfully submits that the **Plaintiffs have failed to state a claim as a matter of law regarding alleged violations of RICO** and accordingly that Counts 7 and 8 of their Verified Complaint should be dismissed with prejudice

**Plaintiffs' Tennessee Consumer Protection Act claim not permitted by** law

This Court has long held in reported cases that securities claims are not covered by the Tennessee Consumer Protection Act ("TCPA"). ~ Nichols v. Merrill-Lynch, 706 F Supp. 1309, 1322, 1324 (M.D. Tenn 1989); Hardy v. First Amer. Nat. Bank, 774 F. Supp. 1078, 1084 (M.D. Tenn. 1991). See also joyner v. Triple-Check Financial Services, 782 F.Supp. 362, 368 (W.D. Tenn. 1991); DePriest v. 1717-19 West End Assoc., 951 S.W.2d 761, 774 (Tenn App. 1997).

All of the Plaintiffs' claims under the TCPA are based on alleged securities fraud

9

Defendants respectfully submits that their Verified Complaint fails to state a claim for violation of the Tennessee Consumer Protection Act and accordingly **Count 6 of their Verified Complaint should be dismissed with prejudice.**

Plaintiffs' breach of corporate fiduciary duty claims are barred by limitations period

Plaintiffs' claims for alleged breach of fiduciary duty are barred by the statute of limitations set forth in T.C.A. § 48-18-601. This provision states in full as follows:

**Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the statute established in § 48-18-301, § 48-18-302 or § 48-18-403, must be brought within one (1) year from the date of such breach or violation;** provided, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one-year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.

Plaintiffs have been aware of claims of fraud made against these Defendants since at least late 2002, culminating in the raid by the TBI in May 2003. Carl Tilley Aff. ¶ 4; Katherine Tilley Aff ¶ 4.

Plaintiffs knew or should have known at that time that claims were being made that the technology did not work as claimed. Lawsuits were filed; television reports were generated; and the State of Tennessee executed a search warrant on the Tilley's private

10

home premises that was being rented and used by the Tilley Foundation's for research and development. **This triggered the statute in May 2003, but Plaintiffs did not sue until July 2006 – more than 3 years later.**

Defendants respectfully submits that the Plaintiffs lost their claims for alleged breach of corporate fiduciary duty. As a result, **Count 2** of their Verified Complaint should be dismissed.

**Plaintiffs' securities fraud claims are also barred by the statute of limitations**

T.C.A. § 48-2-122(h) places a two (2) year statute of limitations and a five (5) year statute of repose on actions for securities fraud. It reads as follows:

> No action shall be maintained under this section unless commenced before the expiration of five (5) years after the act or transaction constituting the violation or the expiration of two (2) years after the discovery of the facts constituting the violation, or after such discovery should have been made by the exercise of reasonable diligence, whichever first expires.

T.C.A. § 48-2-122(h) (emphasis added).

Thus, a Plaintiff has two (2) years to file suit from the date they knew or should have known that he has a claim for alleged securities fraud or his claim is lost forever. In this case, Defendants submits it is clear that the Plaintiffs were well aware in May 2003 of any grounds for securities fraud.

Plaintiffs knew in late 2002 that claims were being made that the technology did not work as claimed Carl Tilley Aff ¶ 4; Katherine Tilley Aff ¶ 4. Lawsuits were filed alleging fraud; television reports were generated reporting these allegations; and the State of Tennessee executed a search warrant on the Tilley Foundation's premises grounded on

11

claims of alleged securities fraud. The Plaintiffs knew of all of these events. These obvious signs of trouble triggered the statute in May 2003, but Plaintiffs did not sue until July 2006 – **more than 3 years later.**

Although the Plaintiffs have claimed fraudulent concealment, they specify no specific action or omission by any of the Defendants that would explain how these glaringly obvious events were downplayed when Plaintiffs themselves were active in the day to day operation and Plaintiffs Molleur and Littlefield were very active members of the Board of Directors with the Tilley Foundation. Indeed, Plaintiffs' allegations of concealment are preposterous in light of all the difficulties encountered by the Defendants over the last five (5) years.

Plaintiffs did not file suit until July 2006, **more than three (3) years after the alleged conversion or the alleged fraud and more than a year after the statute of limitations for securities fraud expired.**

Plaintiffs' **fraud and conversion claims are also barred by the statute of limitations**
T.C.A. § 28-3-105 puts a three (3) year statute of limitations on claims for conversion of property. Plaintiffs were aware that all the stock was owned by Carl Tilley and when sold was so known and stipulated that it was his stock and the funds could be used as he wished. However Defendants elected to invest in the further research and development of the Technology and only under the condition that shareholders would pay Defendants back once the technology was sold.

For the reasons identified in the preceding section, the Plaintiffs knew that there were allegations and they had a potential cause to act in this action for securities fraud more than three (3) years before they filed suit and Plaintiffs failed showed no

12

desire to act but instead assisted in defending Defendants with letters in support of Tilley's and the technology.

Defendants respectfully submits that the **Plaintiffs' claim for conversion has been filed outside the statute of limitations** and Counts **1 and 3** of their Verified Complaint should be dismissed

### Plaintiffs' claim for an accounting fails as matter of law

Tennessee law provides shareholders the right to see certain limited documents, but only if the shareholder makes a written request. T.C.A. 48-26-102.

Accordingly, Plaintiffs' claim for an accounting and as at the filing of the suit no written request was offered by Plaintiffs it was after the fact that records were requested to inspect. Furthermore the request are mute as both Robert Molleur and Doug Littlefield were active members of the Board of Directors with full access to records at any time therefore fails as a matter of law and Count 4 of their Verified Complaint should be dismissed for failure to state a claim.

## Conclusion

1). Plaintiffs <u>**RICO claim is barred by**</u> 18 U.S.C. § 1964(c), a Tennessee Consumer Protection Act claim that is **barred by prevailing law.**

2). <u>Claims for fraud conversion, securities fraud and breach of fiduciary duty</u> **are all barred by prevailing law and statute of limitations.**

3). <u>**Claims for Securities fraud are barred**</u> by prevailing law and statute of limitations

4). <u>**Claims of breach of fiduciary duty are barred**</u> by prevailing law and statue of limitations.

13

5). **Defendants were not convicted** under Tennessee law as it was a judicial diversion T.C.A. 40-35-313 (a) (2). Under Tennessee law this discharge and dismissal " **not be deemed a conviction of crime or for any other purpose . . .**" Id. and thus Plaintiffs Verified Complaint should be dismissed as a matter of law along as well as the statute of limitations rule.

6). **Jurisdiction is lacking** because Plaintiffs have failed to join two sets of necessary parties as Plaintiffs. Their joinder as Plaintiffs would destroy the complete diversity required by Stawbridge v Curtiss, 7 U.S. (3 Cranch) 267, 2L.ED. 435 (1806) and thus Plaintiffs Complaint **should be dismissed for lack of jurisdiction.**

For all these reasons, Defendants respectfully submits that the Court should **dismiss the Plaintiffs' Verified Complaint.**

Respectfully Submitted this 4 TH day of MARCH 2008

Carl Tilley _____ Ruth Tilley _____

P.O. Box 490 – Grant, NE 69140

## CERTIFICATE OF SERVICE

**DEFENDANTS, Carl Tilley and Ruth Tilley, certify and have caused a true and exact copy was served upon the Plaintiffs Attorney Kline Preston, IV by U.S. first class mail at 4525 Harding Road, Suite 200, Nashville, Tennessee 37205. This 4 TH day of March, 2008.**

**A True and Exact copy has been sent to the U.S. District Court at 801 Broadway, Nashville, Tennessee on this 4 TH day of March, 2008 by Federal Express next day Service**

Carl Benson Tilley _____ Date MARCH 4, 2008

Ruth Tilley _____ Date MARCH 4, 2008

14