IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DOUG LITTLEFIELD, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 2:06-0061 |
| | ) | |
| **CARL BENSON TILLEY, et al.,** | ) | Judge Echols/Bryant |
| | ) | Jury Demand |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come the Plaintiffs, by and through counsel, and hereby respond to Defendants' Motion for Summary Judgment (Docket Entry No. 115).

**I.** **Defendants' motion does not comply with the Court's local rules.**

Local Rule 56.01(b) requires the following:

> **Concise Statement of Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

Defendants have not complied with this rule. This rule is not simply a formality. It is impossible for the Court, and counsel for the Plaintiffs, to review the Defendants' motion and determine which facts the Defendants contend are material facts not in dispute. Whether material facts are in dispute is the most important factor in determining motions for summary judgment. Defendants' motion should be denied for this reason alone.

## II. Defendants have not met their burden

"In order to prevail on a Motion for Summary Judgment, **the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim**." Celotex v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added). "In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The Plaintiffs cannot be required to respond to a motion for summary judgment until the moving party has met his initial burden. Again, as stated above, because Defendants did not comply with the local rules, it is impossible for the Plaintiffs to determine which facts the Defendants contend are material and not in dispute. The Defendants have not met their initial "burden of proving the absence of a genuine issue" as to a material fact. Their motion should be denied.

## III. The Court has already ruled on these issues

Defendants raised these same issues in their motion to dismiss and supporting memorandum, filed July 30, 2006. (Docket Entries No. 11, 12.) Plaintiffs filed a response to this motion. (Docket Entry No. 20.) Plaintiffs hereby rely on their previous response in opposition to Defendants' arguments. Additionally, the Court ruled against Defendants' same arguments in a detailed memorandum, entered September 7, 2006. (Docket Entry No. 23.) Defendants' motion should also be denied for these reasons.

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion for summary judgment be denied.

> Respectfully submitted,
>
> s/ Kline Preston
> Preston Law Group, P.C.
> G. Kline Preston, IV #17141
> 4525 Harding Road, Suite 200
> Nashville, TN 37205
> (615) 620-4322
> Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that I have caused a true and exact copy of the foregoing to be served upon the Defendants, Carl Benson Tilley, P.O. Box 490, Grant, NE, 69140, Tilley Foundation, Inc., c/o Carl Benson Tilley, P.O. Box 490, Grant, NE, 69140, Katherine Tilley, P.O. Box 490, Grant, NE, 69140, and CT Technology, Inc., c/o American Legal Services, 237 S. Sierra St., Reno, NV, 89501, on this the 27th day of March, 2008.

> s/ Kline Preston
> G. Kline Preston, IV