**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DOUG LITTLEFIELD, ROBERT** | ) | |
| **MOLLEUR, and RODNEY BARRUP,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **2:06-0061** |
| | ) | **Judge Echols** |
| **CARL BENSON TILLEY,** | ) | |
| **KATHERINE TILLEY, TILLEY** | ) | |
| **FOUNDATION, INC., a Tennessee** | ) | |
| **Corporation, and CT TECHNOLOGY,** | ) | |
| **INC., a Nevada Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is a pro se Motion for Summary Judgment (Docket Entry No. 115) filed by Defendants Carl Benson Tilley and Katherine Tilley. Plaintiffs have responded in opposition to that Motion (Docket Entry No. 125), and Defendants have replied (Docket Entry No. 128).

Local Rule 56.01(b) of this Court provides as follows:

> **Concise Statement of Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

L.R. 56.01(b). Upon the filing of a Concise Statement of Facts, the non-movant is required to respond to each fact set forth by the movant, by either agreeing that the fact is undisputed, agreeing

1

that the fact is undisputed for purposes of the Motion for Summary Judgment, or demonstrating that the fact is disputed by specific citation to the record.  L.R. 56.01(c).

In this case, Defendants have wholly failed to comply with Local Rule 56.01(b).  While they set forth some "facts" in the body of their combined Motion and Memorandum, this does not comply with the separate filing requirement of Local Rule 56.01(b).  Moreover, Defendants' representation of the "facts" does not comply with the spirit of Fed. R. Civ. P. 56(c) or Local Rule 56.01(b) since the alleged "facts" are primarily based upon the conclusory affidavits of the Defendants without consideration of any other evidence which may have been developed in this litigation.  For example, Mr. Tilley claims in a conclusory fashion that "he has invented technology that produces superior results and performance in battery charging."  (Docket Entry No. 115 at 2).  This is not a fact supported by a showing of something in the record, but instead is merely a conclusion which Mr. Tilley sets forth as fact.  Mr. Tilley also claims that the "technology has been tested and proven a number of times[.]"  These supposed "facts" and others need to be presented to the Plaintiffs so that they can either agree to the "facts," or challenge the "facts" in accordance with Local Rule 56.01(c).

As Plaintiffs correctly note, the requirements of Rule 56.01(b) are not mere formalities.  The requirements serve to foster adjudication by assisting the Court in ascertaining whether there are any genuine issues of material fact which preclude summary judgment.  They also serve to put the non-movant on notice as to which facts the movant deems material and, of those, which the movant believes are undisputed.

In their reply brief, Defendants claim that any failure to comply with the Local Rules is of no moment because their Motion for Summary Judgment raises legal issues, to wit; several of Plaintiffs' claims are barred as a matter of law, while others are barred by the applicable statute of

2

limitations.  However, most, if not all, of these same arguments were raised by Defendants in their Motion to Dismiss.  The Court refused to dismiss any of Plaintiffs' claims because at that juncture the Court did not know what the true facts were and was required to accept the allegations in the Plaintiffs' Complaint as true (Docket Entry Nos. 23 & 24).  Defendants' failure to comply with Local Rule 56.01(b) places the Court in no better position to determine the actual facts in this case. The Court cannot simply accept the Tilleys' representations as true, in total ignorance of what the other evidence in the record might show.

Accordingly, the pro se Motion for Summary Judgment (Docket Entry No. 115) filed by Defendants Carl Benson Tilley and Katherine Tilley is hereby DENIED.  This case is hereby returned to the Magistrate Judge for consideration and ruling on the outstanding discovery and sanction motions, including Docket Entry Nos. 108, 112, 113, 114, 118, and 123.

It is so ORDERED.


_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3