| | |
|---|---|
| DOUG LITTLEFIELD, ROBERT MOLLEUR and RODNEY BARRUP, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) 2:06-0061 ) **Judge Echols** |
| CARL BENSON TILLEY, KATHERINE TILLEY, TILLEY FOUNDATION, INC., a Tennessee Corporation, and CT TECHNOLOGY, INC., a Nevada Corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## JURY CHARGE

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of counsel for the plaintiffs.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case--that is, in reaching your decision as to the facts--it is your sworn duty to follow the law I am

1

now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the plaintiffs as jurors in this case, and they have the right to expect nothing less.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses in court, including the witnesses testifying in person and those testifying by deposition, the exhibits admitted in the record. Testimony that I instructed you to disregard is not evidence and must not be considered. If evidence was received only for a limited purpose, you must follow the limiting instructions I gave you. You are to decide the case solely on the evidence received at trial.

The attorney for plaintiffs in this lawsuit has quite properly referred to some of the governing rules of law in his arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions. You must apply the law that I give you to the facts of this case.

Remember that any statements, objections, or arguments made by the lawyer are not evidence

2

in the case. The function of the lawyer is to point out those things that are most significant or most helpful to his side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyer says is not binding upon you. Also, during the course of a trial I occasionally make comments to lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said or any questions I may have asked that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Although there are more than one defendant in this action, it does not follow from that fact alone that if one is liable, others are liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant. As I have already said, unless otherwise stated, all instructions given you govern the case as to each plaintiff and each defendant.

Evidence may be either direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness, which directly proves a fact if you

3

believe that witness. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

In your consideration of the evidence in the case, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. That is, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to the parties; his or her interest, if any, in the outcome of the case; his or her

4

manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's appearance, bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the

5

testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# BURDEN OF PROOF

One important principle of law is that of the "burden of proof." The party who has the burden of proof on a particular issue bears the responsibility or duty of persuasion on that issue. In order to be entitled to the relief he or she seeks in a civil case, the plaintiff is required to prove the elements of his or her case by a preponderance of the evidence; that is, by the greater weight of the evidence. It is said, therefore, that the burden of proof is upon the plaintiff.

When a lawsuit is brought by a plaintiff against a defendant, the defendant may simply deny that he or she was at fault. The burden of proof is not upon the defendant to prove that he or she was not at fault, but rather it is up to the plaintiff to prove that the defendant was at fault and that because of the defendant's wrongful conduct the plaintiff sustained damages. In other words, after the plaintiff has presented evidence tending to establish the elements of his or her claim, the defendant may simply deny he or she was at fault and confine the evidence presented by him or her to evidence which tends to rebut or disprove the elements of the plaintiff's claim.

It may help you to think of a set of balancing scales. At the beginning of the trial, those scales on any given issue are in equal balance. They are level. If a party has the burden of proof on a particular issue, it is that party's responsibility to tilt the scales in their favor. In other words, if the scales are still level at the end of the proof, the party has failed to carry the burden; that is, failed to persuade you that his or her theory of that issue is more probable than not.

7

## PREPONDERANCE OF THE EVIDENCE

This leads us to a discussion of the term "preponderance of the evidence." Here again, it may be helpful to envision a set of balancing scales. In a civil case, the party who has the burden of proof on a particular issue must carry that burden by a preponderance of the evidence. This means, simply, the greater weight of the evidence. After considering all the proof on a particular issue, the weight of the evidence must tip the scales in favor of the party with the burden of proof on that issue, be it ever so slightly.

A preponderance of the evidence, therefore, means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proven is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so. To preponderate, evidence must have the greater convincing effect in the formation of your belief. If the evidence on a particular issue appears to be equally balanced, the party having the burden of proving that issue must fail. You should consider all the evidence pertaining to every issue, regardless of who presented it. In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of the witnesses, regardless of who called them, all exhibits received in evidence, regardless of who produced them, and any other evidence as I explained that term to you earlier.

8

## FAILURE TO CALL AVAILABLE WITNESS

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

9

## **PROOF OF INTENT**

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate the party's state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

10

## NATURE OF THE CLAIMS AND DEFENSES

Plaintiffs Doug Littlefield, Robert Molleur, and Rodney Barrup allege defendant Carl Tilley and his wife, defendant Katherine Tilley, are or were directors of defendant Tilley Foundation, Inc., a Tennessee corporation whose assets have been transferred to defendant CT Technology, Inc., a Nevada corporation. Plaintiffs are shareholders in the Tilley Foundation, having purchased shares at $1,000 per share in the form of unregistered securities. They claim the shares were purchased based upon representations made by defendants that Carl Tilley owned new patentable technology which allowed cars, golf carts, and other vehicles and devices to run on batteries without being recharged by an outside source. Plaintiffs claim the representations made by defendants were false and the shares are valueless. Essentially, plaintiffs claim that the Tilleys have engaged in fraud by duping investors into purchasing unregistered securities under the mistaken belief that there was a patentable invention which actually worked and concealing from those investors that the representations they made were false.

Plaintiffs seek to collect damages from defendants based on the following theories of liability: (1) fraud and deceit in the form of intentional misrepresentation, (2) breach of fiduciary duty, (3) conversion, (4) violations of the Tennessee Securities Act of 1980, T.C.A. § 48-2-101 *et seq.*, and (5) violations of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 *et seq.* Plaintiffs must prove by a preponderance of the evidence that they are entitled to recover damages from the defendants Carl Tilley and/or Katherine Tilley on one or more of these theories or claims. Plaintiffs are not required to prove those defendants are liable under all of the alleged theories of liability. To be entitled to a verdict, plaintiffs must establish the liability of defendants on one theory of liability.

11

In their filings, defendants Carl Tilley and Katherine Tilley deny that they are liable to plaintiffs on any of the theories or claims asserted. The Court has previously entered a default judgment against the corporate defendants, Tilley Foundation, Inc. and CT Technology, Inc., meaning that those corporate defendants are liable to the plaintiffs on the grounds that they violated the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 and the Tennessee Securities Act of 1980, T.C.A. § 48-2-122 (a)(1)(A) and (B); that they converted the plaintiffs' property, and that they committed fraud and deceit against plaintiffs. It will be for you to determine what damages should be assessed against the corporate defendants. It will also be your task to determine whether any of the plaintiffs have proven any of their claims against the individual defendants, Carl Tilley and Katherine Tilley, and, if so, the amount of damages to which any plaintiff is entitled.

## ISSUES

Before I instruct you on the specific provisions and factors you are to consider under the laws alleged to have been violated in this case, I want to frame the issues that you will be called upon to decide:

1. Whether any plaintiff has established by a preponderance of the evidence that defendants Carl Tilley and/or Katherine Tilley are liable for fraud and deceit in the form of intentional misrepresentation and, if so, the amount of damages suffered as a result thereof;

2. Whether any plaintiff has established by a preponderance of the evidence that defendants Carl Tilley and/or Katherine Tilley are liable for breach of fiduciary duty and, if so, the amount of damages suffered as a result thereof;

3. Whether any plaintiff has established by a preponderance of the evidence that defendants Carl Tilley and/or Katherine Tilley are liable for conversion and, if so, the amount of damages suffered as a result thereof;

4. Whether any plaintiff has established by a preponderance of the evidence that defendants Carl Tilley and/or Katherine Tilley are liable for violations of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 *et seq.* and, if so, the amount of damages suffered as a result thereof;

5. Whether any plaintiff has established by a preponderance of the evidence that defendants Carl Tilley and/or Katherine Tilley are liable for violations of the Tennessee Securities Act of 1980, T.C.A. § 48-2-101 *et seq.* and, if so, the amount of damages suffered as a result thereof;

6. What amount of damages are plaintiffs entitled to recover against the corporate defendants, Tilley Foundation, Inc., and CT Technology, Inc., on the grounds that those defendants violated the Tennessee Consumer Protection Act, T.C.A. § 47-18-104; the Tennessee Securities Act

13

of 1980, T.C.A. § 48-2-122(a)(1)(A) and (B); converted the plaintiffs' property, and committed fraud and deceit against plaintiffs;

    7. Whether any plaintiff is entitled to recover punitive damages.

    I will now instruct you on the law that applies to the claims or theories of liability asserted by plaintiffs. After the instructions with respect to each claim or theory of liability, I will instruct you generally on how damages are to be calculated should you find in favor of any of the plaintiffs on any of their claims.

## FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION

Plaintiffs claim the defendants Carl Tilley and Katherine Tilley engaged in fraud and deceit by intentionally misrepresenting material facts in regard to the sale of shares in the Tilley Foundation. To recover damages for fraud and deceit based upon intentional misrepresentations, a plaintiff must prove each of the following six elements by a preponderance of the evidence:

(1)     The defendant made a representation of a present or past material fact;

(2)     The representation was false;

(3)     The representation was made (a) knowingly, or (b) without belief in its truth, or (c) recklessly, without knowing whether it was true or false;

(4)     The defendant intended that the plaintiff rely upon the representation and act or not act in reliance on it;

(5)     The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

(6)     As a result of plaintiff's reliance upon the truth of the representation, plaintiff sustained damages.

15

## FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION
## "RECKLESSLY" DEFINED

I mentioned to you that one of the elements of the intentional misrepresentation claim is that defendant knew the representation was false when made or the defendant made the representation recklessly without knowing whether it was true or false. "Recklessly" means wantonly, with indifference to consequences. If a party makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, that party may be found to have made the representation recklessly.

**FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION**
**EXPRESSION OF OPINION**

An expression of opinion usually is not a basis for an action alleging misrepresentation. However, a defendant who makes a representation may be found to have made a representation of fact instead of an expression of opinion if:

(1)   The defendant either had or claimed to have had superior knowledge or information; and

(2) The plaintiff reasonably relied upon the defendant's supposed superior knowledge or information.

A statement may also be considered a statement of fact if it is not made as a mere expression of that person's opinion, but is given in a way that a party may reasonably rely and act upon it as a statement of fact.

17

## FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION
## PERSON TO WHOM REPRESENTATIONS ARE MADE

A person is subject to liability only to those persons to whom the person making the representation intends to induce to act in reliance upon the representation. If others become aware of the representation and act upon it, there is no liability even though the party who made the representation should reasonably have foreseen such a possibility.

However, a defendant does not need to make a representation directly to the person if the defendant intends that another will act upon it. The defendant may make the representation to a third person intending that the third person communicate the representation to the person whom the defendant intends will act upon it.

A person who makes a representation intending to defraud the public or a particular class of persons is considered in law to have intended to defraud every individual in the same category who was actually misled by the representation.

18

## FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION
## JUSTIFIABLE RELIANCE AND CAUSATION

A party seeking recovery for intentional misrepresentation must have relied upon the representation. In other words, a plaintiff must show that he would not have entered into the transaction without the representation. You must determine whether reliance upon the representation substantially influenced the plaintiff's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred from the circumstances.

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance. That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

In considering whether a plaintiff was justified in relying upon a representation made by a defendant, you must consider the relative positions of the parties. Generally, a party dealing on equal terms with another is not justified in relying upon representations when the means of knowledge are readily within his reach.

Further, not all losses that in fact result from a plaintiff's reliance upon a misrepresentation or omission are necessarily proximately or legally caused by the misrepresentation or omission. In general, a misrepresentation or omission is a proximate cause of a monetary loss resulting from action or inaction in reliance upon the misrepresentation or omission if, but only if, the loss might reasonably be expected to result from the reliance. In other words, the misrepresentation is a

19

proximate cause only of those monetary losses that are within the foreseeable risk of harm the misrepresentation creates. Monetary losses that could not reasonably be expected to result from the misrepresentation or omission are not proximately caused by it and are beyond the scope of the defendant's liability. This means that the matter misrepresented or omitted must be considered in the light of its tendency to cause the losses and the likelihood that they will follow.

For example, one who misrepresents the financial condition of a corporation in order to sell its stock will become liable to a purchaser who relies upon the misinformation to purchase the stock for the loss he sustains when the facts as to the finances of the corporation become generally known and, as a result, the value of the shares depreciates on the market, because that is the obviously foreseeable result of the facts misrepresented. On the other hand, there is no liability when the value of the stock goes down after the sale, not in any way because of the misrepresented financial condition, but as a result of some subsequent event that has no connection with or relation to its financial condition. There is, for example, no liability when the value of the shares go down because of the sudden death of the corporation's leading officers. Although the misrepresentation has in fact caused the loss because it induced the purchase of stock without which the loss would not have occurred, it is not a legal cause of the loss for which the one who made the misrepresentation is responsible.

# BREACH OF FIDUCIARY DUTY

Plaintiffs claim that they were harmed because defendants breached their fiduciary duty to plaintiffs. To prevail on the breach of fiduciary duty claim, a plaintiff must prove each of the following elements by a preponderance of evidence:

(1) The existence of a fiduciary duty;

(2) The breach of that duty; and

(3) The defendant's breach of that duty proximately caused plaintiff harm.

## EXISTENCE OF FIDUCIARY DUTY

Fiduciary duties may be created by law or by agreement. A "fiduciary relationship" refers to any relationship of blood, business, friendship, or association in which one of the parties places special trust and confidence in the other. It exists in cases where there had been a special confidence placed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interest of the one placing the confidence. In order for a fiduciary duty to exist, the person acting as the fiduciary must knowingly accept the special confidences and trust of the other individual.

Of course, the mere fact that a business relationship comes into being between two persons does not mean that either owes a fiduciary obligation to the other. If one person engages or employs another and thereafter directs or supervises or approves the other's actions, the person so employed is not a fiduciary. Rather, as previously stated, it is only when one party reposes, and the other accepts, a special trust and confidence that a fiduciary relationship comes into being.

A fiduciary has the duty to act in good faith and with due regard to the interests of the party placing confidence in him.

## CONVERSION

A conversion is any assumption of control over property that is inconsistent with the rights of the owner. A conversion may consist of the (1) use and enjoyment of personal property of another without the owner's consent; or (2) destruction or dominion over the property of another by excluding or defying the owner's right; or (3) withholding of personal property from the owner under a claim of title, inconsistent with the owner's claim of title.

Tangible property includes money, land and personal property, but does not include items such as stock, contract rights and similar items that are not capable of actual physical use.

If you find that defendant Carl Tilley or defendant Katherine Tilley took control of property that belonged to a plaintiff in a way inconsistent with that plaintiff's rights, then you should find for that plaintiff on the claim of conversion.

Case 2:06-cv-00061   Document 166   Filed 01/14/10   Page 23 of 46 PageID #: 783

## TENNESSEE CONSUMER PROTECTION ACT – INTRODUCTION

Plaintiffs claim that defendants Carl Tilley and Katherine Tilley violated the Tennessee Consumer Protection Act. The Tennessee Consumer Protection Act allows a plaintiff to recover actual damages for a loss of money, property or thing of value as a result of a defendant's use of an unfair or deceptive act or practice. Specifically, Section 47-18-104(b)(27) of the Tennessee Code prohibits "[e]ngaging in any . . . act or practice which is deceptive to the consumer or to any other person." The Tennessee Consumer Protection Act creates a right to sue "[a]ny person who suffers an ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful" in the statute.

24

## TENNESSEE CONSUMER PROTECTION ACT – ELEMENTS

To recover damages under the Tennessee Consumer Protection Act, a plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) Defendant's act or practice was unfair or deceptive under the law; and

(2) Plaintiff suffered a loss of money, property or thing of value as a result of the unfair or deceptive act or practice.

A defendant's unfair or deceptive act need not be made willfully or knowingly; the unfair or deceptive act may be made negligently.

Plaintiffs claim that defendants used the following unfair or deceptive acts or practices that violate the Tennessee Consumer Protection Act:

(1) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(2) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

(3) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualtities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; and

(4) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered.

25

If you find that a plaintiff has proven by a preponderance of the evidence that a defendant used any one or more of these acts or practices, then that defendants has violated the Tennessee Consumer Protection Act.

## TENNESSEE SECURITIES ACT – INTRODUCTION

Under the Tennessee Securities Act of 1980, persons who sell or offer to sell securities are required to register that security with the Securities Division of the Tennessee Department of Commerce and Insurance. Under the Act, a "security" includes stocks and shares.

## TENNESSEE SECURITIES ACT – ELEMENTS

In order to prevail on the claim under the Tennessee Securities Act, a plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) That no registration statement was in effect with the Securities Division as to the Tilley Foundation shares that were being offered or sold at the time defendants are alleged to have sold them or offered them for sale;

(2) That defendant, directly or indirectly, sold or offered to sell Tilley Foundation shares to investors; and that

(3) Defendant sold or offered to sell Tilley Foundation shares in Tennessee, or to Tennessee residents.

## TENNESSEE SECURITIES ACT – KNOWLEDGE

To be liable under the Tennessee Securities Act, a plaintiff does not have to show that a defendant acted with any particular state of mind. All that is required is that the defendant sold, offered, or delivered unregistered Tilley Foundation shares in Tennessee. It is no defense that a defendant did not know he or she had to register the shares, or that he or she relied on the advice of a lawyer who told him or her that the shares did not need to be registered.

## TENNESSEE SECURITIES ACT – SOLD OR OFFERED TO SELL

In order to establish the second element of the claim under the Tennessee Securities Act of 1980, a plaintiff need not prove that the defendant had direct contact with any of the investors. All that is required for plaintiff to prevail on this element is that you find that the defendant was a necessary participant or a substantial factor in the sale or offering of shares. Thus, if you find that a defendant employed or directed others to sell or offer to sell securities, or if you find that a defendant conceived of and planned the scheme by which the unregistered securities were offered or sold, then the plaintiff has satisfied this element.

30

## ACTS OF AGENT

A principal can be held responsible for the acts or omissions of the principal's agent. A person who is authorized to act for another person is an agent of that person, even if the agent is not paid for his or her services.

In this case, it has been established that the defendant, Carl Benson Tilley, is the principal and the defendant, Katherine Tilley, is the agent of the Tilley Foundation. Therefore, if you find that defendant Katherine Tilley is responsible for harm caused to a plaintiff on one or more of the claims asserted, you must also find that defendant Carl Benson Tilley is responsible for that same harm.

31

# INTRODUCTION TO DAMAGES

I turn now to the question of damages and what can be considered in determining an award of money damages in this case. By including damages in these instructions, I do not wish to suggest or imply anything about the issue of liability or about whether or not damages have been proven in this case.

I instruct you that, even though the plaintiffs have sued the defendants under several separate theories, each plaintiff may collect only once for the same damages. In other words, if you find that a defendant is liable to the plaintiff under more than one theory of liability, but the consequences or resulting damages to the plaintiff is the same on each theory or claim, then the plaintiff is entitled to collect only once for the same damages.

Further, the plaintiff is only entitled to recover for damages which were proximately caused by a defendant's act or omissions. A proximate or legal cause of an injury or loss is a cause which, in natural and continuous sequence, produces an injury, and without which the injury would not have occurred.

Remember throughout your deliberations that you must not engage in any speculation, guess, or conjecture and you must not make your decision concerning damages because of sympathy for or prejudice against any party.

32

## CERTAINTY OF DAMAGES

Damages are prohibited only when the existence of damage is uncertain, not when the amount is uncertain. When there is substantial evidence in the record and reasonable inferences may be drawn from that evidence, mathematical certainty is not required. In other words, it is sufficient if the extent of the damages may be reasonably inferred from the evidence.

33

## MITIGATION OF DAMAGES

A plaintiff who is injured by the wrongful or negligent act of another has a duty to exercise reasonable care and diligence to avoid loss or to minimize or lessen the resulting damage. He cannot recover to the extent that his damages are the result of his own active and unreasonable enhancement or due to his failure to exercise reasonable care and diligence. In that event, he can only recover to the extent such damages could not have been avoided, minimized or lessened by such reasonable care and diligence.

## COMPENSATORY DAMAGES

If you find that a plaintiff is entitled to a verdict against a defendant, you must then award damages in an amount that will reasonably compensate the plaintiff for all of the loss suffered by him that was proximately caused by the defendant's actions.

Compensatory damages are awarded to compensate a plaintiff for damages actually incurred as a result of a defendant's conduct. The purpose of compensatory damages is to make a plaintiff whole, not to provide a windfall. Compensatory damages are not allowed as a punishment and must not be imposed or increased to punish a defendant. You may not include speculative damages, which is compensation for future loss or harm that, although possible, is conjectural or not reasonably certain.

If you decide that a plaintiff is entitled to compensatory damages, then you must fix an amount that will reasonably compensate the plaintiff for claimed losses if you find the plaintiff suffered such loss and if you find such loss was proximately caused by the defendant's act or omission upon which you base your finding of fault. You may not duplicate damages for any element by including that same loss or harm in another element of damage.

## METHOD OF ASCERTAINING COMPENSATORY DAMAGES FOR THE VARIOUS CLAIMS ASSERTED

As you have been instructed, plaintiffs seek to recover against defendants on various legal theories. I will now outline for you the types of damages available for the claims asserted by plaintiffs against defendants.

### A. Fraud and Deceit Based Upon Alleged Intentional Misrepresentation

If you find in favor of a plaintiff on the claim of intentional misrepresentation, you may award the plaintiff damages as compensation based upon the "benefit of the bargain." The "benefit of the bargain" is the difference between the value of what the plaintiff would have received if the misrepresentation had been true and the actual value of what the plaintiff received.

Actual value means market value. Market value is the highest selling price that real or personal property would bring on the open market. In making your finding of market value, you will assume that the seller has a reasonable time to sell and that the seller is willing to sell but not forced to do so. You will also assume that the buyer is ready, willing, and able to buy but is not forced to do so, and that the buyer has a reasonable time and full opportunity to investigate the property and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

### B. Breach of Fiduciary Duty

If you find in favor of a plaintiff on the claim for breach of fiduciary duty, you may award any damages which naturally and proximately flow from the breach of that duty.

### C. Conversion

If you find in favor of a plaintiff on the claim of conversion, then the plaintiff has a right to

36

recover for all losses proximately caused by defendant's conduct in the form of compensation based upon the fair, reasonable market value of the property converted at the time and place of the conversion.

## D. Tennessee Consumer Protection Act

If you find that plaintiff has proven by a preponderance of the evidence that a defendant has violated the Tennessee Consumer Protection Act, the plaintiff is entitled to actual damages for any loss of money, property, or thing of value that was caused by defendant's use of the unfair or deceptive act or practice.

The Tennessee Consumer Protection Act allows the Court to award the plaintiff a judgment for up to three times the amount of the plaintiff's actual damages if the plaintiff proves by a preponderance of the evidence that the defendant wilfully or knowingly violated the law. A person willfully violates the Tennessee Consumer Protection Act when that person intentionally and consciously uses a deceptive practice or act that is prohibited by the law. A person knowingly violates the Act when that person uses an unfair awareness that the practice or act is false or deceptive. Actual awareness may be inferred when the circumstances, viewed objectively, would indicate that a reasonable person would have known, or would have reason to know, of such falsity or deception.

## E. Tennessee Securities Act

Under the Tennessee Securities Act, a person who sells a security in violation of the Act is liable to the person purchasing the security for the amount of money which was paid for the security, together with interest at the prevailing legal rate from the date of the purchase of the security.

## PRE-JUDGMENT INTEREST

Plaintiffs seek an award of pre-judgment interest from defendants. If you find in favor of a plaintiff on any claim and if you award the plaintiff compensatory damages on that claim, you may also, in your discretion, determine that plaintiff is entitled to pre-judgment interest on the amount awarded as compensatory damages. If you decide to award pre-judgment interest, you will not assess an amount. You will report your finding on the verdict form and then I will calculate the dollar amount of pre-judgment interest to be awarded.

Case 2:06-cv-00061   Document 166   Filed 01/14/10   Page 38 of 46 PageID #: 798

# PUNITIVE DAMAGES

Plaintiffs have asked that you make an award of punitive damages under the following claims: 1) fraud and deceit based upon intentional misrepresentation; 2) breach of fiduciary duty; and 3) conversion. You may consider an award of punitive damages on any of those claims only if you find that a plaintiffs has suffered actual damage as a legal result of a defendant's fault and you have made an award for compensatory damages on that claim.

The primary purpose of an award of punitive damages is to deter misconduct, while the purpose of an award of compensatory damages is to make the plaintiff whole. Punitive damages may be considered if, and only if, the plaintiff has shown by clear and convincing evidence that a defendant has acted intentionally, recklessly, maliciously, or fraudulently. Punitive damages are to be awarded only in the most egregious of cases.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that a defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts maliciously when the person is motivated by ill will, hatred or personal spite.

39

A person acts fraudulently when: (1) the person intentionally misrepresents or fails to disclose an existing material fact or causes a false impression of an existing material fact or omission in order to mislead or to obtain an unfair or undue advantage; and (2) another person suffers injury or loss because of reasonable reliance upon that representation.

Whether or not to make any award of punitive damages, in addition to compensatory damages, is a matter exclusively within your province, if you should unanimously find, by clear and convincing evidence, that the defendant's actions, which proximately caused actual damage to a plaintiff, were intentionally, recklessly, maliciously, or fraudulently done. If you decide to award punitive damages, you will not assess an amount of punitive damages at this time. You will, however, report your finding to the Court on the verdict form.

## SEPARATE CONSIDERATION OF EACH CLAIM AND PARTY

The plaintiffs in this case have raised separate claims against the defendants. Each claim, and the evidence pertaining to it, should be considered separately. Also, you should consider each instruction given to apply separately and individually to each plaintiff and each defendant in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

## SYMPATHY AND HOSTILITY

I also instruct you that sympathy or hostility must not enter into your deliberations as jurors no matter what your sympathy or hostility may lead you to think. Sympathy or hostility has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all.

Case 2:06-cv-00061   Document 166   Filed 01/14/10   Page 42 of 46 PageID #: 802

## **GAMBLING VERDICT**

You are cautioned to avoid, in arriving at the amount of your verdict, what is known as a gambling verdict.

A gambling verdict is one which would be arrived at by each of the jurors setting down the amount which he or she considers the plaintiff is entitled to receive, the amounts are then added, the total is divided by the number of jurors and the jurors agree beforehand to be bound by the result. A verdict arrived at in such manner would be illegal and could not stand. Fair and just compensation in an amount which all jurors can agree upon of their own free will after that particular amount has been discussed and all the jurors are satisfied with it, can be the only basis of a legal verdict rendered for the plaintiff. The proper verdict will be one arrived at by the jury as the result of free, frank and open-minded deliberations as fair and just under the law and evidence in this case.

43

## <u>USE OF JUROR NOTES</u>

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory of the witnesses' testimony. You are free to discuss the testimony of the witnesses with your fellow jurors, but each of you must rely upon your own individual memory as to what a witness did or did not say.

In discussing the testimony, you may not read your notes to your fellow jurors or otherwise tell them what you have written. You should never use your notes to persuade or influence other jurors. Your notes are not evidence. Your notes should carry no more weight than the unrecorded recollection of another juror.

44

# FINAL INSTRUCTIONS

The verdict which you must render in this case must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans or advocates. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form which sets forth the verdict upon which you unanimously agree and then return with your verdict to the courtroom.

45

During your deliberations, you will have the opportunity to review the exhibits which have been admitted into evidence, as well as any notes which you have taken during the course of the trial. Once you have reached a verdict, you will leave both the exhibits and your notes in the jury room.

If it becomes necessary during your deliberations to communicate with the Court, please reduce your message or question to writing signed by the foreperson and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical vote or division at that time.

Finally, I add the caution that nothing said in these instructions or in the verdict form is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility. You may now retire to the jury room to begin your deliberations.